RACHAEL A. HONIG
Acting United States Attorney
JOHN F. BASIAK JR.
Assistant U.S. Attorney
402 East State Street, Room 430
Trenton, NJ 08608
(609) 858-0309
john.basiak@usdoj.gov
*Attorneys for United States*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LATIFAH DAVIS, Individually and as Administratrix of the Estate of LEGEND JONES,<br><br>*Plaintiff,*<br><br>v.<br><br>BLAIR A. BERGEN, M.D.; NICOLE M. SIEMS, D.O.; SOUTHERN JERSEY FAMILY MEDICAL CENTERS; ATLANTICARE PHYSICIANS GROUP OBSTETRICS & GYNECOLOGY; ATLANTICARE REGIONAL MEDICAL CENTER; JOHN DOES 1-10; ABC ENTITIES 1-10,<br><br>*Defendants.* | Civil Action No.  21-cv-13262<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. § 233(c) AND SUBSTITUTION OF THE FQHC DEFENDANTS FOR THE UNITED STATES** |

To:    CLERK
       Superior Court of New Jersey
       Atlantic County, Law Division
       1201 Bacharach Blvd.
       Atlantic City, NJ 08401

       ERIC M. WOOD
       Fox Rothschild LLP
       1301 Atlantic Avenue
       Midtown Building, Suite 400
       Atlantic City, NJ 08401
       *Attorney for AtlantiCare Defendants*

ADAM M. EPSTEIN
Mazie Slater Katz & Freeman
103 Eisenhower Parkway
Roseland, NJ 07068
*Attorney for Plaintiffs*

PLEASE TAKE NOTICE that this action, previously pending in the Superior Court of New Jersey, Atlantic County, Law Division, Civil Part, Docket No. ATL-L-4213-20 (the "State Court Action"), is removed by defendants Blair A. Bergen, M.D., Nicole M. Siems, D.O., and Southern Jersey Family Medical Centers (collectively, the "FQHC Defendants") to the United States District Court for the District of New Jersey under 28 U.S.C. § 233(c).

PLEASE TAKE FURTHER NOTICE that under 42 U.S.C. § 233(c) and (g), the United States of America is substituted for the FQHC Defendants regarding all claims set forth in the amended complaint.

The United States of America, by and through its undersigned attorneys, respectfully states the following in support of the removal of the State Court Action:

## **Procedural Status**

1.      On December 23, 2020, Plaintiffs filed a complaint in the Superior Court of New Jersey, Law Division, Civil Part, against Blair A. Bergen, M.D., AtlantiCare Maternal Fetal Medicine, and AtlantiCare Regional Medical Center. *See* Ex. 1 (complaint).  The complaint did not name as a defendant Nicole M. Siems, D.O. or Southern Jersey Family Medical Centers.  *See id.*

2.      On January 15, 2021, AtlantiCare Regional Medical Center filed an answer to the complaint and averred that AtlantiCare Maternal Fetal Medicine "is not an entity.  *See* Ex. 2 at 1.

3.      On March 10, 2021, the court in the State Court Action entered a consent order granting Plaintiffs leave to amend their complaint.  *See* Ex. 3.

4.  On March 12, 2021, Plaintiffs filed an amended complaint naming as defendants the FQHC Defendants, as well as AtlantiCare Physicians Group Obstetrics and Gynecology and AtlantiCare Regional Medical Center (collectively, the AtlantiCare Defendants").  *See* Ex. 4.

5.  On April 5, 2021, Plaintiffs filed an affidavit of merit signed by Richard L. Luciani, M.D.  *See* Ex. 5.

6.  On April 27, 2021, the United States filed a notice under 42 U.S.C. § 233(l)(1) for the limited purpose of notifying the state court as to whether the Secretary of Health and Human Services ("HHS") had advised that FQHC Defendants had been "deemed" to be an "employee of the Public Health Service" regarding the actions or omissions in the amended complaint.  *See* Ex. 6.

7.  On April 30, 2021, the AtlantiCare Defendants filed an answer to the amended complaint.  *See* Ex. 7.

8.  On May 8, 2021, the state court issued a call for dismissal by July 6, 2021 for lack of prosecution under Rules 1:13-7 and 4:43-2.  *See* Ex. 8.

9.  Plaintiffs have not served either the complaint or the amended complaint on the United States under Rule 4(i) of the Federal Rules of Civil Procedure.

## Plaintiffs' "Exclusive" Remedy Under FTCA

10.  Plaintiffs allege that the FQHC Defendants and the AtlantiCare Defendants committed "malpractice" and that Drs. Bergen and Siems committed "breach of informed consent."  *See* Ex. 4 at 6.

11.  Under New Jersey law, "a patient currently has three avenues of relief

3

against a doctor; namely, (1) deviation from the standard of care (medical malpractice); (2) lack of informed consent; and (3) battery." *Starozytnyk v. Reich*, 377 N.J. Super. 111, 123-24 (App. Div. 2005) (citations omitted). "Although each of these avenues of relief is based on different theoretical approaches, it is now clear that deviation from the standard of care and failure to obtain informed consent are simply sub-groups of a broad claim of medical negligence." *Id.* at 124 (quotations omitted).

12.     Accordingly, Plaintiffs' causes of action sound in medical negligence.

13.     On or about May 26, 2021, HHS "deemed" the FQHC Defendants to be employees of the U.S. Public Health Service under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233 (g)-(n).

14.     The U.S. Public Health Service is a federal agency operating within HHS and deployed throughout the federal government with a mission to deliver "the nation's public health promotion and disease prevention programs and advancing public health science."[1]

15.     Under 42 U.S.C. § 233(a), the "exclusive" "remedy" "for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment" is the Federal Tort Claims Act ("FTCA").

---

[1] *See* https://www.hhs.gov/surgeongeneral/corps/index.html (last visited June 29, 2021); *see also* https://www.usphs.gov/ (last visited June 29, 2021).

## Substitution of United States as Proper Defendant

16.     Under the FTCA, the only proper defendant is the United States.  *See Bailey v. U.S. Marshals Serv. Headquarters*, 426 F. App'x 44, 45-46 (3d Cir. 2011) ("It is well established that the United States is the only proper defendant in an action brought under the FTCA.").

17.     "Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of title 28 and all references thereto."  42 U.S.C. § 233(c); *see also* 28 C.F.R. § 15.4 (removal and defense of suits against a "Federal employee" or "covered person").

18.     The Attorney General, through a delegation to the Chief of the Civil Division, certifies that the FQHC Defendants were acting within the scope of their employment at the time of the incident giving rise to claims in the amended complaint.  *See* Ex. 9 (scope certification).

19.     The United States District Court for the District of New Jersey is the federal district embracing the place in which the State Court Action is pending.

20.     A copy of this notice of removal will be electronically filed via eCourts with the Clerk of the Superior Court of New Jersey, Atlantic County, Law Division. *See* Ex. 10 (letter to the Clerk of the Superior Court).

21.    Additionally, copies of this notice of removal will be served on all counsel of record via eCourts and e-mail.

THEREFORE, the State Court Action is hereby removed to the United States District Court for the District of New Jersey for further proceedings, and the United States of America is substituted for the FQHC Defendants under 42 U.S.C. § 233(c).

RACHAEL A. HONIG
Acting United States Attorney

By:    /s/ John F. Basiak Jr.
JOHN F. BASIAK JR.
Assistant U.S. Attorney
*Attorneys for United States*

Dated: July 1, 2021

# Exhibit 1

David A. Mazie, Esq.  (Attorney ID:  017941986)
Adam M. Epstein, Esq. (Attorney ID:  027482010)
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiff

|  |  |
|---|---|
| LATIFAH DAVIS, Individually and as Administratrix of the Estate of LEGEND JONES, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – ATLANTIC COUNTY DOCKET NO.:  ATL-L- |
| Plaintiff, | Civil Action |
| vs. | **COMPLAINT AND JURY DEMAND** |
| BLAIR A. BERGEN, M.D.; ATLANTICARE MATERNAL FETAL MEDICINE; ATLANTICARE REGIONAL MEDICAL CENTER; JOHN DOES 1-10; ABC ENTITIES 1-10, |  |
| Defendants. |  |

Plaintiff Latifah Davis ("Davis"), residing at 400 North Indiana Avenue, Atlantic City, New Jersey, by way of Complaint against the defendants, says as follows:

## FIRST COUNT

1.      At all times relevant herein, defendant Blair A. Bergen, M.D. ("Dr. Bergen") was a physician duly licensed to practice medicine in the State of New Jersey, holding himself out as a specialist in Obstetrics and Gynecology, and working at Atlanticare Maternal Fetal Medicine.

2.      At all times relevant herein, Atlanticare Maternal Fetal Medicine ("AMFM") maintained its principal place of business at 254 1401 Atlantic Avenue, Suite 2300 in Atlantic City, New Jersey.

3.      Atlanticare Regional Medical Center Mainland Campus ("Atlanticare") is a hospital providing patients with a wide range of medical services, including but not limited to child labor and delivery.  Atlanticare's principal place of business is located at 65 Jimmie Leeds Road in Pomona, New Jersey.

4.      At all times relevant herein defendant, John Does 1-10 were doctors, nurses, assistants and/or other medical professionals on the dates at issue involved in the treatment and care of Plaintiff.

5.      At all times relevant herein defendants, ABC Corps. 1-10 were entities which employed or were affiliated with any defendant in this matter.

6.      Davis treated with Dr. Bergen throughout the course of her pregnancy, seeing Dr. Bergen for checkups as scheduled.

7.      Davis was admitted to Atlanticare for delivery of her baby on February 16, 2020.

8.      Davis and Dr. Bergen discussed the plan for inducing labor which included the use of Cytotec (a/k/a misoprostol).  Neither Dr. Bergen nor any other doctor, nurse or staff member advised Davis of any risks of using Cytotec to induce labor.  In particular, neither Dr. Bergen nor any other doctor, nurse or staff member advised Davis that the Food & Drug Administration ("FDA") had warned against using Cytotec to assist in the induction of labor.

9.     On February 16, 2020 at approximately 7:15 a.m., Cytotec was placed vaginally in Ms. Davis at the direction and/or instruction of Dr. Bergen.

10.     At approximately 9:15 a.m., Dr. Bergen was called by a nurse to inform him of fetal bradycardia in Ms. Davis's baby, Legend Jones, after Ms. Davis sustained a ruptured membrane with thin meconium fluid.

11.     An emergency cesarean section was subsequently called for fetal distress and vaginal bleeding, as well as possible placenta abruption.

12.     An emergency cesarean section and hysterectomy were performed at approximately 9:31 a.m.

13.     Unfortunately, upon delivery it was apparent that the baby had suffered significant damages.  Legend Jones' Apgar score at one minute was 0, at five minutes was 0, at ten minutes was 1, and at twenty minutes was 2.

14.     On February 16, 2020 at approximately 6:20 p.m., Legend Jones died.

15.     Defendants Dr. Bergen and John Does 1-10 failed to exercise the degree of care commonly exercised by other medical and/or healthcare professionals in like cases having due regard to the existing state of knowledge of medicine.  Specifically, defendants misused Cytotec to induce Ms. Davis, and additionally failed to warn her of the following FDA alert regarding Misoprostol (marketed as Cyotec), which had been in existence since July 10, 2015:

> "FDA Alert – Risks of Use in Labor and Delivery.
>
> This Patient Information Sheet is for pregnant women who may receive misoprostol to soften their cervix or induce contractions to begin labor.  Misoprostol is sometimes used to decrease blood loss after delivery of a baby.  These uses are not approved by the FDA.  No company has sent the FDA scientific proof that misoprostol is safe and effective for

these uses.

> There can be serious side effects, including a torn uterus (womb), when misoprostol is used for labor and delivery.  A torn uterus may result in severe bleeding, having the uterus removed (hysterectomy), and death o the mother or baby. These side effects are more likely in women who have had previous uterine surgery, a previous Cesarean delivery (C-section), or several previous births."

16.     Defendants Dr. Bergen and John Does 1-10 were negligent, <u>inter</u> <u>alia</u>:

- for using Cytotec to induce labor; and

- for failing to properly and timely monitor Ms. Davis and Legend Jones's vital signs.

17.     As a direct and proximate result of defendants' malpractice, Legend Jones experienced great pain, suffering and permanent injury, ultimately resulting in his untimely death.  Plaintiff seeks recovery against Defendants Dr. Bergen and John Does 1-10 of all damages permitted pursuant to the New Jersey Wrongful Death Act and the New Jersey Survivor's Act, including but not limited to all physical and emotional injuries suffered by Legend Jones prior to his death.

WHEREFORE, plaintiff Latifah Davis as Administatrix of the Estate of Legend Jones demands judgment against defendants Blair A. Bergen, M.D. and John Does 1-10 for compensatory damages, attorney's fees, interest, costs of suit and for such other relief as the Court deems equitable and just.

## <u>SECOND COUNT</u>

1.     Plaintiff repeats and realleges the allegations heretofore plead.

2.     Plaintiff Latifah Davis was present and witnessed Dr. Bergen's and John Does 1-10's malpractice and its resulting injury to her baby.  Ms. Davis had specifically requested that Cytotec not be used to induce labor beforehand, but her requests were ignored.

Ms. Davis was aware at the time of these events that the treatment provided to her baby and herself fell below the acceptable standards of care.

3.      As a result of witnessing and experiencing this malpractice, Ms. Davis has suffered significant and permanent psychological injuries.

WHEREFORE, plaintiff Latifah Davis demands judgment against defendants Blair A. Bergen, M.D. and John Does 1-10 for compensatory damages, interest, attorney's fees, costs and such other relief as the Court seems equitable and just.

### THIRD COUNT

1.      Plaintiff Latifah Davis repeats and realleges the allegations heretofore plead as if fully set forth herein.

2.      Defendant Dr. Bergen and John Does 1-10 had a duty to fully explain to Ms. Davis all risks, benefits and alternatives to using Cytotec to induce Ms. Davis into labor for the delivery of her baby, Legend Jones.  Dr. Bergen failed to discuss any risks, benefits or alternatives to using Cytotec, thereby breaching his duty of informed consent.

3.      Specifically, Dr. Bergen and John Does 1-10 failed to inform Ms. Davis that Cytotec was contraindicated for inducing labor, that there was a risk of a torn uterus and a possible hysterectomy if it was administered, and he failed to inform her of all known complications of using Cytotec to induce labor.  In this instance, Ms. Davis endured a torn uterus, a hysterectomy and the loss of her child after Dr. Bergen and John Does 1-10 used Cytotec to induce labor.

4.      Had Dr. Bergen and John Does 1-10 properly advised Latifah Davis of the risks, benefits and alternatives concerning the use of Cytotec, plaintiff (and a reasonable

patient) would not have consented to the use of Cytotec and instead would have demanded that an FDA approved medication be used.

5.      As a direct and proximate result of the breach of informed consent, plaintiff has suffered damages.

WHEREFORE, Latifah Davis, both individually and as Administratrix of the Estate of Legend Jones, demands judgment against defendant Blair A. Bergen, M.D. and John Does 1-10 for compensatory damages, interests, attorneys' fees, costs and such other relief as the Court seems equitable and just.

### FOURTH COUNT

1.      Plaintiff Latifah Davis repeats and realleges the allegations heretofore plead as if fully set forth herein.

2.      As a result of the negligence of Dr. Bergen and John Does 1-10, Latifah Davis suffered severe injuries, including but not limited to a torn uterus and a hysterectomy, pain and suffering, disability, impairment, loss of enjoyment to life, and suffered economic damages including but not limited to medical bills and expenses, and loss of income for the rest of her life.

WHEREFORE, plaintiff Latifah Davis demands judgment against defendants Blair A. Bergen, M.D. and John Does 1-10 for compensatory damages, interest, attorney's fees, costs and such other relief as the Court seems equitable and just

### FIFTH COUNT

1.      Plaintiff Latifah Davis repeats and realleges the allegations heretofore plead as if fully set forth herein.

2.     At all times relevant, defendants Dr. Bergen and John Does 1-10 are/were employees, agents, and/or servants of defendants Atlanticare Maternal Fetal Medicine, Atlanticare Regional Medical Center Mainland Campus and/or ABC Corps. 1-10. Therefore, defendants Atlanticare Maternal Fetal Medicine, Atlanticare Regional Medical Center Mainland Campus and/or ABC Corps. 1-10 are liable for the negligence of Dr. Bergen and John Does 1-10 and the failure to provide informed consent pursuant to the doctrine of respondeat superior/agency/apparent agency.

WHEREFORE, plaintiff demands judgment against defendants Atlanticare Maternal Fetal Medicine, Atlanticare Regional Medical Center Mainland Campus and/or ABC Corps. 1-10 for compensatory damages, interest, attorney's fees, costs and such other relief as the Court seems equitable and just.

## FIFTH COUNT

1.     Plaintiff Latifah Davis repeats and realleges the allegations heretofore plead as if fully set forth herein.

2.     Defendants, Dr. Bergen, John Does 1-10, Atlanticare Maternal Fetal Medicine, Atlanticare Regional Medical Center Mainland Campus and/or ABC Corps. 1-10 knew and were actually aware of the fact that there was significant danger of using Cytotec to induce Ms. Davis's labor, as opposed to other labor inducing medications, but did so for the sole purpose of saving money.  In fact, defendants knew and were fully aware of the fact that Cytotec was not approved by the FDA for the purpose of inducing labor, and that the FDA warned that Cytotec may cause the same complications that plaintiffs suffered if used for the purpose of inducing labor.

3.      Defendants' actions were wanton, willful and with reckless disregard for the health, safety and well-being of both Latifah Davis and her baby, Legend Jones.

4.      Defendants' callous acts warrant an award of punitive damages.

WHEREFORE, plaintiff demands judgment against defendants Blair A. Bergen, M.D., John Does 1-10, Atlanticare Maternal Fetal Medicine, Atlanticare Regional Medical Center Mainland Campus and/or ABC Corps. 1-10 for compensatory damages, punitive damages, interest, attorney's fees, costs and such other relief as the Court seems equitable and just.

## JURY DEMAND

Please take notice that the plaintiffs demand a trial by jury as to all issues in the above matter.

## DESIGNATION OF TRIAL COUNSEL

David A. Mazie, Esq. is hereby designated as trial counsel in the above captioned matter.

## DEMAND FOR MEDICAL SPECIALTY

Pursuant to R. 4:5-3, provide the exact field of medicine you were practicing at the time of the alleged malpractice, and whether your treatment of the plaintiff involved that specialty.

## DEMAND FOR INSURANCE COVERAGE

In accordance with R. 4:10-2, defendants are demanded to provide a complete copy of all applicable insurance policies and declaration sheets demonstrating coverage within thirty (30) days of service of this Complaint.

## DISCOVERY DEMANDS

Plaintiff hereby demands that each defendant serve certified answers to Form C and Form C(3) Interrogatories within thirty (30) days of service of this Complaint. Plaintiff further demands that each defendant produce complete copies of the following documents within 30 days of service of the Complaint:

1. True copies or original of all medical reports or records in the possession of the defendants with regard to any medical condition or illness, at any time, of plaintiff.

2. True copies or original of all photographs, videos, charts, or diagrams in the possession of the defendants or under defendants' control regarding any matter relevant to the subject matter of this case.

3. True copies or originals of any statements (written, oral or recorded), in the possession or control of the defendants from any party or witness regarding any matter relevant to the subject matter of this case.

4. True copies or original of all documents in the possession of the defendants which support any defense or cross-claim being asserted by the defendants in the within litigation.

5. True copies of any documents which defendants may utilize at trial, either as an exhibit marked for identification, cross-examination or as evidence.

6. True copies or originals of all contracts or agreements between defendants and any other individuals, entities or other defendants, which touch on or relate to any matter relevant to the subject matter of this case.

7. Provide original or true copies of each and every learned treatise, article, or any other scholarly or informational matter which defendants may utilize at the trial of this case either for use in defendants' case in chief, on cross-examination, on rebuttal, or at any other stage of the trial of this case.

8. Provide original or true copy of each and every statement given by plaintiff, at any time, either written or recorded.

9.      Provide original or true copy of any and all discovery material with regard to any accident, injury, or lawsuit involving plaintiff, including but not limited to answers to interrogatories, deposition transcripts, and admissions.

10.     Produce copies of all correspondence between defendants and any anyone else regarding the treatment of plaintiff.

11.     True copies or original of any and all communications between defendants and any other individuals involved in the treatment of the plaintiff.

12.     True copies or original of any communications between defendants and any other entity regarding any matter relevant to the subject matter of this case.

13.     True copies of any documents in defendants' possession with regard to the criminal history of any party, witness, or person with knowledge relevant to this action.

14.     Copies of all reports or documents received from the Central Index Bureau (CIB) with regard to the plaintiff, decedent or defendant.

15.     A transcription of any handwritten office notes or treatment record maintained by defendant.

16.     Copies of all insurance policies (primary and excess) they may provide coverage for the allegations made in this Complaint.

17.     Copies of all pleadings, deposition transcripts, trial transcripts and discovery responses related to any other medical malpractice action where you were a defendant.

18.     The complete electronic records, documents, and information with regard to the plaintiff, or the plaintiff's medical care, regardless of how titled, described, or categorized, including but not limited to, (1) medical records including but not limited to progress notes, nursing records, laboratory testing, and imaging, (2), orders, (3) documentation of who was involved in any way, and when that occurred, (4) financial information, (5) charge sheets, and (6) legal records or notes.   Produce in hard copy and native, electronic format.

19.     True copies of any contracts of employment involving Dr. Blair A. Bergen from January 1, 2010 to present.

20.     Billing records for all Cytotec (misoprostol) usage in patients from January 1, 2010 through present.

21.     Billing records for all medications used to induce labor besides Cytotec (misoprostol) in patient from January 1, 2010.

22.     True copies or original of any and all internal memos, notes, policies and/or procedures regarding the use of Cytotec (misoprostol) for inducing labor.

23.     True copies or originals of any and all notices from the FDA regarding the use of Cytotec from any organization.

**MAZIE SLATER KATZ & FREEMAN, LLC**
Attorneys for Plaintiff

BY:___*/s/ Adam M. Epstein*_____
　　　ADAM M. EPSTEIN

Dated:  December 23, 2020

## RULE 4:5-1 CERTIFICATION

I hereby certify that to the best of my knowledge the matter in controversy is not

the subject of any other action pending in any Court or of a pending arbitration proceeding.

I do not know of any other parties who should be joined in this action at this time.

I hereby certify that the foregoing statements made by me are true.  I am aware that

if the statements made by me are willfully false, I am subject to punishment.

**MAZIE SLATER KATZ & FREEMAN, LLC**
Attorneys for Plaintiff

BY:___*/s/ Adam M. Epstein*_____
　　　ADAM M. EPSTEIN

Dated:  December 23, 2020

David A. Mazie, Esq. (Attorney ID: 017941986)
Adam M. Epstein, Esq. (Attorney ID: 027482010)
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiff

|  |  |
|---|---|
| LATIFAH DAVIS, Individually and as Administratrix of the Estate of LEGEND JONES,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>BLAIR A. BERGEN, M.D.; ATLANTICARE MATERNAL FETAL MEDICINE; ATLANTICARE REGIONAL MEDICAL CENTER; JOHN DOES 1-10; ABC ENTITIES 1-10, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ATLANTIC COUNTY DOCKET NO.: ATL-L-<br><br><br>CIVIL ACTION<br><br>**AFFIDAVIT OF MERIT** |

STATE OF NEW JERSEY　　)
　　　　　　　　　　　　) SS
COUNTY OF ESSEX　　　　)

RICHARD L. LUCIANI, M.D., of full age, upon his oath deposes and says:

1.　　I am a medical doctor licensed to practice in the State of New Jersey, and I have been continuously so licensed for over 30 years. I am also Board certified in obstetrics and gynecology, and have been continuously so for more than 25 years. I have practiced medicine continuously for the past 25 years.

2.　　I have reviewed medical records and other documents relating to the treatment of Latifah Davis and her fetus, which records and documents include the medical records from Atlanticare Maternal Fetal Medicine and Atlanticare Regional Medical Center.

3.     After reviewing these medical records, it is my opinion that there exists a reasonable probability that the care, skill and/or knowledge exercised by Blair A. Bergen, M.D., Atlanticare Maternal Fetal Medicine and Atlanticare Regional Medical Center in their treatment of plaintiff and her fetus (before and during labor and delivery) fell below the standard of care.

4.     I have no financial interest in the outcome of this case under review, although I may serve as a paid expert witness in this matter.

I certify that the above statements made by me are true. I am aware that if any of the above statements made by me are willfully false, I am subject to punishment.

RICHARD L. LUCIANI, M.D.

Sworn and subscribed before me on this 2̲4̲ day of November, 2020

_Notary_

MARNI B. CIOFFI
Commission # 50017460
Notary Public, State of New Jersey
My Commission Expires
June 10, 2025

**Attached hereto is an Affidavit of Merit. If any Defendant contends that this Affidavit of Merit fails to completely satisfy the requirements of the Affidavit of Merit Statute in any way, demand is hereby made that the Defendant immediately notify the Plaintiffs of any such alleged deficiencies so that same may be corrected if necessary and within the time constraint of N.J.S.A. 2A:53A-26 _et seq._**

# Civil Case Information Statement

## Case Details: ATLANTIC | Civil Part Docket# L-004213-20

**Case Caption:** DAVIS LATIFAH  VS BERGEN, M.D. BLAIR

**Case Initiation Date:** 12/23/2020

**Attorney Name:** ADAM M EPSTEIN

**Firm Name:** MAZIE SLATER KATZ & FREEMAN

**Address:** 103 EISENHOWER PKY

ROSELAND NJ 07068

**Phone:** 9732289898

**Name of Party:** PLAINTIFF : DAVIS, LATIFAH

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** MEDICAL MALPRACTICE

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** YES

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: LATIFAH DAVIS?** NO

**Are sexual abuse claims alleged by: LATIFAH DAVIS?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO   **Title 59?** NO   **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>12/23/2020</u>
Dated

<u>/s/ ADAM M EPSTEIN</u>
Signed

# Exhibit 2

**Fox Rothschild LLP**
formed in the Commonwealth of Pennsylvania
1301 Atlantic Avenue
Midtown Building, Suite 400
Atlantic City, New Jersey  08401
609-348-4515  (FAX: 609-348-6834)
Eric M. Wood Attorney ID #022581990
Epiphany McGuigan Attorney ID#045911883
Attorneys for Defendant AtlantiCare Regional Medical Center

| | |
|---|---|
| LATIFAH DAVIS, Individually and as Administratrix of the Estate of LEGEND JONES<br><br>Plaintiff,<br><br>vs.<br><br>BLAIR A. BERGEN, M.D.; ATLANTICARE MATERNAL FETAL MEDICINE; ATLANTICARE REGIONAL MEDICAL CENTER; JOHN DOES 1-110; ABC ENTITIES 1-10<br><br>Defendants. | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION**<br>**ATLANTIC COUNTY**<br><br>**DOCKET NO.:  ATL-L-4213-20**<br><br>**CIVIL ACTION**<br><br>**DEFENDANT, ATLANTICARE REGIONAL MEDICAL CENTER, ANSWER TO PLAINTIFFS' COMPLAINT, AFFIRMATIVE DEFENSES, REQUEST FOR STATEMENT OF DAMAGES, NOTICE OF DESIGNATION OF TRIAL COUNSEL, JURY DEMAND, NOTICE PURSUANT TO R. 1:5-1(A) AND 4:17-4(C) AND CROSSCLAIM** |

NOW COMES the defendant, AtlantiCare Regional Medical Center, by way of Answer to Plaintiffs' Complaint, says:

## **FIRST COUNT**

1.      It is admitted that Dr. Bergen is a licensed physician.  The remaining portion of the allegations are denied.

2.      AtlantiCare Maternal Fetal Medicine is not an entity, and therefore does not maintain a principal place of business.

3.      Admitted.

4.       Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendant.

5.       Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendant.

6.       Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendant.

7.       Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendant.

8.       Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendant.

9.       Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a

formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendant.

10.      Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendant.

11.      Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendant.

12.      Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendant.

13.      Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendant.

14.      Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendant.

15.     Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendant.

16.     Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendant.

17.     Denied.

WHEREFORE, this answering defendant demands judgment dismissing the Complaint and for such other relief as the Court deems to be just and equitable.

## SECOND COUNT

1.     This answering defendant repeats and incorporates herein by reference each and every answer to the preceding paragraphs of the Complaint.

2.     Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendant.

3.     Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendant.

WHEREFORE, this answering defendant demands judgment dismissing the Complaint and for such other relief as the Court deems to be just and equitable.

## THIRD COUNT

1.      This answering defendant repeats and incorporates herein by reference each and every answer to the preceding paragraphs of the Complaint.

2.      Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendant.

3.      Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendant.

4.      Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendant.

5.      Denied.

WHEREFORE, this answering defendant demands judgment dismissing the Complaint and for such other relief as the Court deems to be just and equitable.

## FOURTH COUNT

1.      This answering defendant repeats and incorporates herein by reference each and every answer to the preceding paragraphs of the Complaint.

2.      Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a

formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendant.

WHEREFORE, this answering defendant demands judgment dismissing the Complaint and for such other relief as the Court deems to be just and equitable.

## FIFTH COUNT

1.       This answering defendant repeats and incorporates herein by reference each and every answer to the preceding paragraphs of the Complaint.

2.       Denied.  Dr. Bergen was employed by South Jersey Family Medical Center through a contract to treat their patients.

WHEREFORE, this answering defendant demands judgment dismissing the Complaint and for such other relief as the Court deems to be just and equitable.

## FIFTH COUNT

1.       This answering defendant repeats and incorporates herein by reference each and every answer to the preceding paragraphs of the Complaint.

2.       Upon the advice of counsel, this answering defendant presently has insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendant.

3.       Denied.

4.       Denied.

WHEREFORE, this answering defendant demands judgment dismissing the Complaint and for such other relief as the Court deems to be just and equitable.

**FOX ROTHSCHILD LLP**
Attorneys for Defendant, AtlantiCare Regional
Medical Center

By: _____
       Eric M. Wood, Esquire

**FIRST AFFIRMATIVE DEFENSE**

Defendants hereby reserve the right to amend this Answer to assert additional Separate Defenses as revealed or suggested by the completion of on-going investigation and discovery.

**SECOND AFFIRMATIVE DEFENSE**

At all times and places mentioned in the Complaint herein, the defendants violated no legal duty owing by defendants to plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

At all times and places mentioned in the Complaint, defendants neither committed any act nor made any omission in any way related to the subject matter of the within Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

Any and all damages alleged to have been suffered by plaintiff are not causally related to any act or omission alleged to be chargeable to defendants.

### FIFTH AFFIRMATIVE DEFENSE

This defendants deny that the co-defendants or any of them are, at the time of the incident alleged in the Complaint, the agents, servants, or employees of this defendant.

### SIXTH AFFIRMATIVE DEFENSE

Any injury, damage or loss sustained by plaintiff was due to the acts or omissions of a third party over whom these defendants exercised no authority and had no control.

### SEVENTH AFFIRMATIVE DEFENSE

In the event damages should be awarded to plaintiff, they must be diminished by that percentage of plaintiff's own negligence pursuant to the terms and provisions of the Comparative Negligence Statute of the State of New Jersey, N.J.S.A. 2A:15-5.1 et seq.

### EIGHTH AFFIRMATIVE DEFENSE

This defendants include all separate defenses applicable to plaintiff which have been raised by any other co-defendant in the within matter as if fully set forth herein and makes the same, to such extent that it does not imply liability on the part of this defendant, jointly and severally, these defendants' defenses.

### NINTH AFFIRMATIVE DEFENSE

This defendants deny committing any act of negligence or violating any duty owed to plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Any conditions of which plaintiff complains or from which plaintiff presently suffers are unrelated to any of the incidents referred to in the Complaint, or to actions or treatments that were performed or ordered by defendant, either by causation, exacerbation, or both.

## ELEVENTH AFFIRMATIVE DEFENSE

The defendants aver, with respect to any treatment proposed or rendered to the plaintiff, that it did exercise every degree of care requisite in any hospital-patient relationship, and that the plaintiff was informed of all information of which plaintiff should have been informed, and that in so informing the plaintiff, defendants acted within accepted standards recognized and followed by others in the same profession and specialty.

## TWELFTH AFFIRMATIVE DEFENSE

The defendants aver that whatever duties were required of defendant by and for plaintiff, that they were performed properly, and that defendants employed and demonstrated in performing such duties the requisite skill, discretion, and judgment in accordance with the accepted standards and practices recognized and followed by others of like profession and specialty.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants demand credit for any and all payments by way of insurance or other medical benefits received by the plaintiff as against any award made to plaintiff as a result of this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

Pursuant to R. 4:7-5, this defendant reserves the right to seek a credit reducing the amount of plaintiff's judgment, if any, to reflect the degree of fault allocated by the jury to any co-defendant, regardless of settlement by any co-defendant.  These defendants assert that the liability of any settling co-defendant shall be an issue at the time of trial.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the Entire Controversy Doctrine.

**<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>**

These defendants assert its right to a credit as to any other settling co-defendant or any other party in any other action with whom plaintiff settles or has settled.

**<u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>**

Although defendants deny any negligence in this matter, if defendant is found to have been negligent, such negligence was passive, imputed, and constructive, and the defendant cross-claims for indemnification from the defendant whose negligence was and is primary, actual and direct.

**<u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>**

The claims of the plaintiff herein are barred by the Statute of Limitations in such cases made and provided.

**<u>NINETEENTH AFFIRMATIVE DEFENSE</u>**

Plaintiff's condition is the direct and proximate result of the natural degenerative changes of the human body, and have (and would have) occurred despite any and all intervention, prescription and treatment, or lack thereof, by these defendants.

**<u>TWENTIETH AFFIRMATIVE DEFENSE</u>**

This claim is barred or limited by the New Jersey Wrongful Death Act, <u>N.J.S.A.</u> 2A:3.1 <u>et</u> <u>seq</u>.

**<u>TWENTY FIRST AFFIRMATIVE DEFENSE</u>**

Any damages awarded against defendants, AtlantiCare Regional Medical Center are precluded or otherwise limited pursuant to <u>N.J.S.A.</u> 2A:53A-7.

## REQUEST FOR STATEMENT OF DAMAGES

Pursuant to the provisions of R. 4:5-2, it is requested that within five days of service hereof, you furnish a written statement specifying the amount of damage claimed by the plaintiff in the above-entitled action.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Eric M. Wood, Esquire, is hereby designated as trial counsel.

## AFFIDAVIT OF MERIT

Pursuant to N.J.S.A. 2A:53A-26, demand is made, here and now, for an Affidavit of Merit as to an individual competent to render an affidavit against a hospital and/or hospital system.

## JURY DEMAND AND NOTICE PURSUANT TO RULE 1:8(c)

The answering defendant(s) demand a trial by jury on all issues so triable.  Notice is hereby given that this demand shall continue and become effective upon the drawing of a jury of six persons and that the stipulation customarily deemed to have been agreed to pursuant to Rule 1:8-2(c) is specifically rejected.  Defendants hereby place on the record refusal to stipulation to a verdict by less than six jurors on any question before the jury.

## NOTICE PURSUANT TO R. 1:5-1(a) and 4:17-4(c)

Please take notice that the undersigned attorney does hereby demand, pursuant to the above cited Rules of Court that each party herein serving pleadings and interrogatories and receiving answers thereto, serve all copies of such pleadings and answered interrogatories, and

all documents, papers and other material referred to therein, received from any party, upon the undersigned attorney and take notice that this is a continuing demand.

**FOX ROTHSCHILD LLP**

By: _____
            Eric M. Wood, Esquire

Dated:  January 15, 2021

## CERTIFICATION PURSUANT TO R. 4:5-1

I certify that to the best of my knowledge there are no other pending actions or arbitration proceedings concerning the subject of this action, and that no such other actions or arbitration proceedings are contemplated at this time.  I further certify that I know of no other persons who should be joined as parties in this action at this time.

**FOX ROTHSCHILD LLP**

By: _____
            Eric M. Wood, Esquire

Dated:  January 15, 2021

**Fox Rothschild LLP**
formed in the Commonwealth of Pennsylvania
1301 Atlantic Avenue
Midtown Building, Suite 400
Atlantic City, New Jersey  08401
609-348-4515  (FAX: 609-348-6834)
Eric M. Wood Attorney ID #022581990
Epiphany McGuigan Attorney ID#045911883
Attorneys for Defendant, AtlantiCare Regional Medical Center

| | |
|---|---|
| LATIFAH DAVIS, Individually and as Administratrix of the Estate of LEGEND JONES<br><br>                                        Plaintiff,<br><br>        vs.<br><br>BLAIR A. BERGEN, M.D.; ATLANTICARE MATERNAL FETAL MEDICINE; ATLANTICARE REGIONAL MEDICAL CENTER; JOHN DOES 1-110; ABC ENTITIES 1-10<br><br>                                        Defendants. | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION ATLANTIC COUNTY**<br><br>**DOCKET NO.:  ATL-L-4213-20**<br><br>**CIVIL ACTION**<br><br>**PROOF OF FILING AND SERVICE** |

        I, Jo Ann Rowen, hereby certify as follows:

1.        I am a legal administrative assistant at Fox Rothschild LLP, attorneys for defendant..

2.        On January 15, 2021, I filed via eCourts Answer to Plaintiffs' Complaint on behalf of defendant, AtlantiCare Regional Medical Center, to the Clerk of the Court at the Cape County Superior Court of New Jersey, and I served a copy on all counsel of record via eCourts.

        3.        I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.


_____

Jo Ann Rowen

**Fox Rothschild LLP**
formed in the Commonwealth of Pennsylvania
1301 Atlantic Avenue
Midtown Building, Suite 400
Atlantic City, New Jersey  08401
609-348-4515  (FAX: 609-348-6834)
Eric M. Wood Attorney ID #022581990
Epiphany McGuigan Attorney ID#045911883
Attorneys for Defendant, AtlantiCare Regional Medical Center

| | |
|---|---|
| LATIFAH DAVIS, Individually and as Administratrix of the Estate of LEGEND JONES<br><br>Plaintiff,<br><br>vs.<br><br>BLAIR A. BERGEN, M.D.; ATLANTICARE MATERNAL FETAL MEDICINE; ATLANTICARE REGIONAL MEDICAL CENTER; JOHN DOES 1-110; ABC ENTITIES 1-10<br><br>Defendants. | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION ATLANTIC COUNTY**<br><br>**DOCKET NO.:  ATL-L-4213-20**<br><br>**CIVIL ACTION**<br><br>**NOTICE TO PRODUCE** |

To:    David A. Mazie, Esquire
          Adam M. Epstein, Esquire
          Attorneys for Plaintiff

       Pursuant to the Rules of Court, the undersigned requests that you produce the following documents and other items for inspection and copying at the offices of Fox Rothschild LLP, 1301 Atlantic Avenue, Midtown Building, Suite 400, Atlantic City, New Jersey, within 30 days. You may comply with this request by mailing legible copies of the documents.  When used in this request, the word "you" refers to the party to whom this request is directed and that party's attorneys.

       1.     All written or tape recorded statements of the party serving this request or of any agent or employee of the party serving this request.

       2.     All written evidence of any oral statements made by the party serving this request or by any agent or employee of the party serving this request.

3.      All written or tape recorded statements by any witnesses to the alleged negligence or malpractice of the party serving this request.

4.      All documents that pertain to any treatment and tests that the plaintiff received for any injuries sustained as a result of the alleged negligence or malpractice of the party serving this request.  This includes but is not limited to bills, hospital records, physicians' records and notes, records of any diagnostic tests and procedures, and other medical records.

5.      All charts, drawings, illustrations, photographs, films, videos, diagrams, and other documents that depict any person, place, object, or substance relevant to this action, or which depict any injuries or losses for which a claim is being asserted in this action, or which you intend to exhibit to the jury or introduce into evidence at the trial of this action.

6.      All documents that pertain to the condition, disease, illness, or injury for which plaintiff was being treated or examined at the time when the alleged negligence of the party serving this request occurred. This includes but is not limited to bills, hospital records, physicians' records and notes, records of any diagnostic tests and procedures, and other medical records.

7.      All documents that you supplied to any experts who will be called as witnesses on your behalf at the trial of this action.

8.      The written reports and records of all experts who you intend to call as witnesses at trial.

9.      The records of all defendants to this action as they pertain to each defendant's treatment or care of plaintiff at any time.

10.      All interrogatories previously answered by any party in this action, and copies of the transcripts of all depositions previously taken in this action.

11.      All medical records, reports, and bills pertaining to injuries that the plaintiff sustained in any prior or subsequent accident or incident.

12.      All documents that relate in any way to any claim made by the plaintiff for medical coverage benefits relevant to this action, including but not limited to applications for benefits, correspondence to and from the insurance carrier, medical reports and bills supplied to the insurance carrier, wage and income information supplied to the insurance carrier, and the reports of any physicians who examined the plaintiff at the request of the insurance carrier.

13.      Any documents that you receive pursuant to any subpoenas or authorizations in connection with this action.

14.     Each and every text, article and/or writing which you reserve the right to use for the examination or cross-examination of any witness at trial.

**FOX ROTHSCHILD LLP**


By: _____
        Eric M. Wood, Esquire


Dated:  January 15, 2021

**Fox Rothschild LLP**
formed in the Commonwealth of Pennsylvania
1301 Atlantic Avenue
Midtown Building, Suite 400
Atlantic City, New Jersey  08401
609-348-4515  (FAX: 609-348-6834)
Eric M. Wood Attorney ID #022581990
Epiphany McGuigan Attorney ID#045911883
Attorneys for Defendant, AtlantiCare Regional Medical Center

| | |
|---|---|
| LATIFAH DAVIS, Individually and as Administratrix of the Estate of LEGEND JONES<br><br><div align="right">Plaintiff,</div><br>vs.<br><br>BLAIR A. BERGEN, M.D.; ATLANTICARE MATERNAL FETAL MEDICINE; ATLANTICARE REGIONAL MEDICAL CENTER; JOHN DOES 1-110; ABC ENTITIES 1-10<br><br><div align="right">Defendants.</div> | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION**<br>**ATLANTIC COUNTY**<br><br>**DOCKET NO.:  ATL-L-4213-20**<br><br>**CIVIL ACTION**<br><br>**SUPPLEMENTAL NOTICE TO PRODUCE** |

To:    David A. Mazie, Esquire
        Adam M. Epstein, Esquire
        Attorneys for Plaintiff

Pursuant to the Rules of Court, the undersigned requests that you produce the following documents and other items for inspection and copying at the offices of Fox Rothschild LLP, 1301 Atlantic Avenue, Midtown Building, Suite 400, Atlantic City, New Jersey, within 30 days. You may comply with this request by mailing legible copies of the documents.  When used in this request, the word "you" refers to the party to whom this request is directed and that party's attorneys.

1.      The reports of any and all physicians who have treated plaintiff at any time during plaintiff's life who are proposed expert witnesses for plaintiff, in the possession of plaintiff or plaintiff's attorney.

2.      The originals of all x-ray, CAT scan, MRI, mammogram, and all other radiographic films relevant to this action.

3.      Any and all publications, texts, journals or reasonably reliable sources which plaintiff claims is relevant to any issue in this case and which plaintiff may use or does intend to use during direct or cross-examination of any expert witness or party.

4.      Copies of all releases, covenants not to sue, and covenants not to execute given by any plaintiff to any person in connection with any injuries or losses for which damages are sought in this action.

5.      All documents that evidence any economic losses sustained by any plaintiff and for which damages are sought in this action.  This includes, but is not limited to bills, receipts, invoices, contracts, 1099 forms, W2 forms, pay stubs, bank account statements, profit and loss forms, applications, letters, notices, and all other types of documents that relate to any such loss.

**FOX ROTHSCHILD LLP**


By:  _____

         Eric M. Wood, Esquire


Dated:  January 15, 2021

**Fox Rothschild LLP**
formed in the Commonwealth of Pennsylvania
1301 Atlantic Avenue
Midtown Building, Suite 400
Atlantic City, New Jersey  08401
609-348-4515  (FAX: 609-348-6834)
Eric M. Wood Attorney ID #022581990
Epiphany McGuigan Attorney ID#045911883
Attorneys for Defendant, AtlantiCare Regional Medical Center

| | |
|---|---|
| LATIFAH DAVIS, Individually and as Administratrix of the Estate of LEGEND JONES<br><br>          **Plaintiff,**<br><br> vs.<br><br>BLAIR A. BERGEN, M.D.; ATLANTICARE MATERNAL FETAL MEDICINE; ATLANTICARE REGIONAL MEDICAL CENTER; JOHN DOES 1-110; ABC ENTITIES 1-10<br><br>         **Defendants.** | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION ATLANTIC COUNTY**<br><br>**DOCKET NO.:  ATL-L-4213-20**<br><br>**CIVIL ACTION**<br><br>**REQUEST FOR ANSWERS TO UNIFORM INTERROGATORIES** |

To:  David A. Mazie, Esquire
   Adam M. Epstein, Esquire
   Attorneys for Plaintiff

   The undersigned demands, pursuant to *R.* 4:17-1(b) the plaintiff provide sworn or

certified answers to the interrogatories set forth in Form A(1) and Form (A) of Appendix II of

the Rules Governing the Courts of the State of New Jersey.  In addition, the undersigned

demands that the plaintiff provide sworn or certified answers to the supplemental interrogatories

attached hereto pursuant to *R.* 4:17-1(b)(i).  Please be advised that we will not accept answers to

interrogatories propounded on behalf of other parties in lieu of specific answers to these

interrogatories as they apply to our client(s).

   When used in these interrogatories (unless specifically noted otherwise), the words

"accident" and "incident" refer to the accident or incident that is the subject of this action.  The words "you" and "your" refer to Latifah Davis.

**FOX ROTHSCHILD LLP**

By: _____
    Eric M. Wood, Esquire

Dated:  January 15, 2021

## SUPPLEMENTAL INTERROGATORIES PURSUANT TO R. 4:17-1(B)(1)

1.      For each expert witness you may call to testify at time of trial, set forth where and when your expert witness trained and obtained credentials in his particular area of expertise, and specifically in the areas relating to this case.

**ANSWER:**

2.      Identify and attach any and all literature or other type of research that has been reviewed and/or relied upon by any expert witness in formulating their opinions in the within matter.

**ANSWER:**

3.      If any of your expert witnesses intend on relying upon or using in any way at time of trial any literature and/or exhibits, identify the literature and/or exhibits by title, author and edition, and indicate the pertinent portions to be relied upon at time of trial.

**ANSWER:**

4.      Please provide a complete listing of all materials including, but not limited to radiographic studies or other diagnostic tests that each of your expert witnesses have reviewed in preparation of his or her report(s).

**ANSWER:**

5.      Please indicate whether plaintiff is a Medicare beneficiary or has received Medicare benefits in connection with any treatment he/she has received related to this claim; or whether plaintiff has been declared eligible for social security disability benefits.

**ANSWER:**

6.      Please provide the names of all cases where each of your expert witnesses that you or your firm has consulted on behalf of your clients, or have testified at trial or deposition on behalf of you or your firm's clients, the dates that the proceeding took place, the venue for that case and the attorney that he or she was retained by.

**ANSWER:**

7.      Please indicate whether or not any of your expert witnesses have ever been convicted of an indictable offense or had their privileges reviewed or suspended by any hospital or State agency.

**ANSWER:**

8.      Please identify any witnesses, and provide any and all facts that each witness possesses.  Include specific reference to any materials in the event that any witness will rely upon said materials at the time of trial.

**ANSWER:**

9.      State, for each defendant, whether you contend that any written policy, procedure, protocol, or standard was violated with respect to the care and treatment of the plaintiff, and whether the violation caused or contributed to plaintiff's alleged injuries.

**ANSWER:**

10.     If you contend that any of the parties named herein were agents, servants or employees of the party serving these interrogatories, provide a complete factual basis in support of those allegations.

**ANSWER:**

## CERTIFICATION TO FORM A  AND FORM A(1) INTERROGATORY ANSWERS

I certify that the Form A and Form A(1) answers to interrogatories are true to the best of my knowledge and belief.  I am aware that if any of the foregoing answers to Form A and Form A(1) interrogatories are willfully false, I am subject to punishment.

Dated: _____                _____

LATIFAH DAVIS

## CERTIFICATION TO SUPPLEMENTAL INTERROGATORY ANSWERS

I certify that the foregoing supplemental answers to interrogatories are true to the best of my knowledge and belief.  I am aware that if any of the foregoing supplemental answers to interrogatories are willfully false, I am subject to punishment.


Dated: _____          _____

                                                            LATIFAH DAVIS

## WRONGFUL DEATH INTERROGATORIES
## WHEN USED IN THE FOLLOWING INTERROGATORIES, THE
## WORD "DECEDENT" REFERS TO LEGEND JONES

1.  State the decedent's full name, residence address on the date of the accident, date of birth, and social security number.

    **ANSWER:**

2.  Set forth the date when the decedent died.  Attach legible copies of the death certificate and any autopsy reports.

    **ANSWER:**

3.  State the names, current addresses, dates of birth, and relationship to the decedent of all persons who resided with the decedent on the date of the accident.

    **ANSWER:**

4.  Set forth a chronological history of the decedent's employment for the 10 years prior to the accident, including the names and addresses of all employers, a description of the decedent's job duties and functions with each employer, and the decedent's gross and net weekly pay with each employer.

    **ANSWER:**

5.  Other than as set forth in your answers to the preceding interrogatory, did the decedent have any other sources of income during the 10 years prior to the accident?  If so, state separately for each year a detailed description of the sources and amounts of all other income.

    **ANSWER:**

6.      Set forth a detailed itemization of the monthly amounts spent by or on behalf of the decedent for the decedent's own maintenance and living expenses.  Include all costs for food, clothing, recreation and hobbies, lodging, education, and personal expenses.

        **ANSWER:**

7.      Set forth a detailed itemization of the decedent's assets and liabilities as of the date of death.

        **ANSWER:**

8.      Was the decedent's life insured?  If so, state the names and addresses of the insurance companies providing the insurance, and, for each, set forth the policy number, the face benefit amount of the policy, the named beneficiaries, and the owner of the policy.

        **ANSWER:**

9.      As of the date of the accident, was the decedent receiving any unemployment benefits, disability benefits, social security benefits, or other similar types of benefits?  If so, describe the types and monthly amounts of benefits that the decedent was receiving.

        **ANSWER:**

10.     As of the date of the accident, was the decedent making or obligated to make any payments for alimony or child support?  If so, set forth the type and monthly amounts of payments that the decedent was making or was obligated to make.  Attach copies of any court orders or agreements for alimony or child support.

        **ANSWER:**

11.    Do you or your attorneys have copies of any federal or state income tax returns filed by the decedent during the 10 years prior to death?  If so, attach complete copies of the returns, including all forms and schedules.

**ANSWER:**

12.    Describe all of the decedent's hobbies and recreational activities.  For each hobby and activity, how many hours per month did the decedent engage in it.

**ANSWER:**

13.    State the names, addresses, dates of birth, and telephone numbers of the decedent's parents, siblings, and children.

**ANSWER:**

14.    State the names, addresses, dates of birth, and relationship to the decedent of all persons who were, as of the date of the accident, financially dependent on the decedent.  For each such person, set forth the name and address of his or her employer and the amount of his or her gross weekly income from all sources.

**ANSWER:**

15.    State the names, addresses, dates of birth, and relationship to the decedent of all persons to whom the decedent provided any guidance, companionship, and advice.  For each such person, describe the nature, extent, and frequency of the guidance, companionship, and advise that the decedent provided.

**ANSWER:**

16.     Did the decedent smoke cigarettes or drink alcoholic beverages?  If so, set forth how many packs of cigarettes the decedent smoked each day and the types and quantities of alcoholic beverages that the decedent drank.

        **ANSWER:**


17.     Was the decedent ever convicted of any crimes?  If so, set forth the dates of the convictions, the nature of the crimes that were the subject of convictions, and the names and address of the courts where the convictions were entered.

        **ANSWER:**


18.     Describe the decedent's educational background, including the names and addresses of all schools attended, the dates of graduation, and the degrees attained.

        **ANSWER:**

## CERTIFICATION TO WRONGFUL DEATH INTERROGATORY ANSWERS

I certify that the foregoing answers to interrogatories are true to the best of my knowledge and belief.  I am aware that if any of the foregoing answers to interrogatories are willfully false, I am subject to punishment.

Dated: _____          _____
                                      LATIFAH DAVIS
                                      Administratrix of the
                                      Estate of Legend Jones

118445137-1/15/21

# Civil Case Information Statement

## Case Details: ATLANTIC | Civil Part Docket# L-004213-20

**Case Caption:** DAVIS LATIFAH  VS BERGEN, M.D. BLAIR

**Case Initiation Date:** 12/23/2020

**Attorney Name:** ERIC M WOOD

**Firm Name:** FOX ROTHSCHILD LLP

**Address:** 1301 ATLANTIC AVE SUITE 400

ATLANTIC CITY NJ 084017212

**Phone:** 6093484515

**Name of Party:** DEFENDANT : ATLANTICARE
REGIONALMEDICAL C

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** MEDICAL MALPRACTICE

**Document Type:** Answer

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: LATIFAH  DAVIS?** NO

**Are sexual abuse claims alleged by: LATIFAH  DAVIS?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/15/2021
Dated

/s/ ERIC M WOOD
Signed

# Exhibit 3

David A. Mazie, Esq. (Attorney ID: 017941986)
Adam M. Epstein, Esq. (Attorney ID: 027482010)
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiff

| | |
|---|---|
| LATIFAH DAVIS, Individually and as Administratrix of the Estate of LEGEND JONES, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – ATLANTIC COUNTY DOCKET NO.: ATL-L-4213-20 |
| Plaintiff, | Civil Action |
| vs. | **CONSENT ORDER PERMITTING PLAINTIFF TO AMEND THE COMPLAINT** |
| BLAIR A. BERGEN, M.D.; ATLANTICARE MATERNAL FETAL MEDICINE; ATLANTICARE REGIONAL MEDICAL CENTER; JOHN DOES 1-10; ABC ENTITIES 1-10, | |
| Defendants. | |

**THIS MATTER** having been brought before the Court upon the application of plaintiff; and defense counsel for AtlantiCare Regional Medical Center having consented to the form and entry of the within Order;

**WHEREAS** upon review of the medical records it has become apparent that Nicole M. Siems, D.O. is a doctor involved the medical care and treatment that is the subject of this lawsuit;

**WHEREAS** plaintiff has been advised that Blair A. Bergen, M.D. and Nicole M. Siems, D.O., were at all times relevant employees, agents, and/or servants of defendants AtlantiCare Physicians Group Obstetrics & Gynecology, Southern Jersey Family Medical Centers and/or AtlantiCare Regional Medical Center Mainland Campus;

**WHEREAS** plaintiff has become aware that AtlantiCare Maternal Fetal Medicine is not a legal entity;

**WHEREAS** Plaintiff now seeks to file an Amended Complaint to remove AtlantiCare Maternal Fetal Medicine as a named defendnat, and add Nicole M. Siems, D.O., Southern Jersey Family Medical Centers and AtlantiCare Physicians Group Obstetrics & Gynecology as named defendants, consistent with the proposed First Amended Complaint attached hereto as Exhibit "A";

**WHEREAS** Plaintiff now seek to revise the allegations set forth against the defendants, consistent with the proposed First Amended Complaint attached hereto as Exhibit "A."

**IT IS** on this ___10th___ day of March, 2021;

**ORDERED** that plaintiff, Laifah Davis, Individually and as Administratrix of the Estate of Legend Jones, is permitted to file the proposed First Amended Complaint attached hereto as Exhibit "A"; and it is further

**ORDERED** that a copy of this Order shall be served on all counsel within (7) seven days of the date hereof.

HON. JAMES P. SAVIO, J.S.C.

**WE HEREBY CONSENT TO THE FORM
AND ENTRY OF THE WITHIN ORDER**

**MAZIE SLATER KATZ & FREEMAN, LLC**
Attorneys for Plaintiff, Latifah Davis, Individually and
as Administratrix of the Estate of Legend Jones

By: _____    3/9/21
      Adam M. Epstein, Esq.           Dated

**FOX ROTHSCHILD LLP**
Attorneys for Defendant, AtlantiCare Regional Medical Center

By:_____     3/9/21
     Eric M. Wood, Esq.       Dated

# EXHIBIT A

David A. Mazie, Esq. (Attorney ID: 017941986)
Adam M. Epstein, Esq. (Attorney ID: 027482010)
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiff

| | |
|---|---|
| LATIFAH DAVIS, Individually and as Administratrix of the Estate of LEGEND JONES, <br><br> Plaintiff, <br><br> vs. <br><br> BLAIR A. BERGEN, M.D.; NICOLE M. SIEMS, D.O.; SOUTHERN JERSEY FAMILY MEDICAL CENTERS; ATLANTICARE PHYSICIANS GROUP OBSTETRICS & GYNECOLOGY; ATLANTICARE REGIONAL MEDICAL CENTER; JOHN DOES 1-10; ABC ENTITIES 1-10, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – ATLANTIC COUNTY DOCKET NO.: ATL-L-4213-20 <br><br> Civil Action <br><br> **FIRST AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff Latifah Davis ("Davis"), residing at 400 North Indiana Avenue, Atlantic City, New Jersey, by way of Complaint against the defendants, says as follows:

**FIRST COUNT**

1.     At all times relevant herein, defendant Blair A. Bergen, M.D. ("Dr. Bergen") was a physician duly licensed to practice medicine in the State of New Jersey, holding himself out as a specialist in Obstetrics and Gynecology, and working at Atlanticare Physicians Group Obstetrics & Gynecology, Southern Jersey Family Medical Centers and Atlanticare Regional Medical Center.

2.    At all times relevant herein, defendant Nicole M. Siems, D.O. ("Dr. Siems") was a physician duly licensed to practice medicine in the State of New Jersey, holding herself out as a specialist in Obstetrics and Gynecology, and working at both Atlanticare Physicians Group Obstetrics & Gynecology and Atlanticare Regional Medical Center.

3.    At all times relevant herein, Southern Jersey Family Medical Centers ("SJFMC") are qualified healthcare centers maintaining a principal place of business at the Women and Children's Health Pavilion, 1125 Atlantic Avenue in Atlantic City, New Jersey.

4.    At all times relevant, Atlanticare Physicians Group Obstetrics & Gynecology is a healthcare center providing obstetrics and gynecological care throughout southern New Jersey, with offices located throughout the state, including but not limited to at 54 West Jimmie Leeds Road in Galloway, New Jersey.

5.    Atlanticare Regional Medical Center Mainland Campus ("Atlanticare") is a hospital providing patients with a wide range of medical services, including but not limited to birth and delivery.  Atlanticare's principal place of business is located at 65 Jimmie Leeds Road in Pomona, New Jersey.

6.    At all times relevant herein defendant, John Does 1-10 were doctors, nurses, assistants and/or other medical professionals on the dates at issue involved in the treatment and care of Plaintiff.

7.    At all times relevant herein defendants, ABC Corps. 1-10 were entities which employed or were affiliated with any defendant in this matter.

8.    Davis treated with Dr. Bergen throughout the course of her pregnancy, seeing Dr. Bergen for checkups as scheduled.

9.     Davis was admitted to Atlanticare for delivery of her baby on February 16, 2020.

10.     Davis, along with Dr. Bergen and Dr. Siems, discussed the plan for inducing labor which included the use of Cytotec (a/k/a misoprostol).  Neither Dr. Bergen, Dr. Siems nor any other doctor, nurse or staff member advised Davis of any risks of using Cytotec to induce labor.  In particular, Dr. Bergen, Dr. Siems nor any other doctor, nurse or staff member advised Davis that the Food & Drug Administration ("FDA") had warned against using Cytotec to assist in the induction of labor.

11.     On February 16, 2020 at approximately 7:15 a.m., Cytotec was placed vaginally in Ms. Davis at the direction and/or instruction of Dr. Bergen and/or Dr. Siems.

12.     At approximately 9:15 a.m., Dr. Bergen was called by a nurse to inform him of fetal bradycardia in Ms. Davis's baby, Legend Jones, after Ms. Davis sustained a ruptured membrane with thin meconium fluid.

13.     An emergency cesarean section was subsequently called for fetal distress and vaginal bleeding, as well as possible placenta abruption.

14.     An emergency cesarean section and hysterectomy were performed at approximately 9:31 a.m.

15.     Unfortunately, upon delivery it was apparent that the baby had suffered significant damages.  Legend Jones' Apgar score at one minute was 0, at five minutes was 0, at ten minutes was 1, and at twenty minutes was 2.

16.     On February 16, 2020 at approximately 6:20 p.m., Legend Jones died.

17.     Defendants Dr. Bergen, Dr. Siems and John Does 1-10 failed to exercise the degree of care commonly exercised by other medical and/or healthcare professionals in like

cases having due regard to the existing state of knowledge of medicine. Specifically, defendants misused Cytotec to induce Ms. Davis, and additionally failed to warn her of the following FDA alert regarding Misoprostol (marketed as Cyotec), which had been in existence since July 10, 2015:

> "FDA Alert – Risks of Use in Labor and Delivery.
>
> This Patient Information Sheet is for pregnant women who may receive misoprostol to soften their cervix or induce contractions to begin labor. Misoprostol is sometimes used to decrease blood loss after delivery of a baby. These uses are not approved by the FDA. No company has sent the FDA scientific proof that misoprostol is safe and effective for these uses.
>
> There can be serious side effects, including a torn uterus (womb), when misoprostol is used for labor and delivery. A torn uterus may result in severe bleeding, having the uterus removed (hysterectomy), and death of the mother or baby. These side effects are more likely in women who have had previous uterine surgery, a previous Cesarean delivery (C-section), or several previous births."

18.    Defendants Dr. Bergen, Dr. Siems and John Does 1-10 were negligent, inter alia:

- for using Cytotec to induce labor;

- for failing to advise/improperly advising Ms. Davis that it was appropriate to use Cytotec to induce her labor; and

- for failing to properly and timely monitor Ms. Davis and Legend Jones's vital signs.

19.    As a direct and proximate result of defendants' malpractice, Legend Jones experienced great pain, suffering and permanent injury, ultimately resulting in his untimely death. Plaintiff seeks recovery against Defendants Dr. Bergen, Dr. Siems and John Does 1-10 of all damages permitted pursuant to the New Jersey Wrongful Death Act and the New

Jersey Survivor's Act, including but not limited to all physical and emotional injuries suffered by Legend Jones prior to his death.

WHEREFORE, plaintiff Latifah Davis as Administatrix of the Estate of Legend Jones demands judgment against defendants Blair A. Bergen, M.D., Nicole M. Siems, D.O. and John Does 1-10 for compensatory damages, attorney's fees, interest, costs of suit and for such other relief as the Court deems equitable and just.

## SECOND COUNT

1.      Plaintiff repeats and realleges the allegations heretofore plead.

2.      Plaintiff Latifah Davis was present and witnessed Dr. Bergen's, Dr. Siems' and John Does 1-10's malpractice and its resulting injury to her baby.  Ms. Davis had specifically requested that Cytotec not be used to induce labor beforehand, but her requests were ignored, and she was told that this was the only medication that they were going to use to induce her.  Ms. Davis was aware at the time of these events that there remained the risks associated with Cytotec and that the treatment provided to her baby and herself fell below the acceptable standards of care.

3.      As a result of witnessing and experiencing this malpractice, Ms. Davis has suffered significant and permanent psychological injuries.

WHEREFORE, plaintiff Latifah Davis demands judgment against defendants Blair A. Bergen, M.D., Nicole M. Siems, D.O. and John Does 1-10 for compensatory damages, interest, attorney's fees, costs and such other relief as the Court seems equitable and just.

## THIRD COUNT

1.      Plaintiff Latifah Davis repeats and realleges the allegations heretofore plead as if fully set forth herein.

2.      Defendants Dr. Bergen, Dr. Siems and John Does 1-10 had a duty to fully explain to Ms. Davis all risks, benefits and alternatives to using Cytotec to induce Ms. Davis into labor for the delivery of her baby, Legend Jones. Dr. Bergen and/or Dr. Siems failed to discuss any risks, benefits or alternatives to using Cytotec, thereby breaching his duty of informed consent.

3.      Specifically, Dr. Bergen, Dr. Siems and John Does 1-10 failed to inform Ms. Davis that Cytotec was contraindicated for inducing labor, that there was a risk of a torn uterus and a possible hysterectomy if it was administered, and they failed to inform her of all known complications of using Cytotec to induce labor.  In this instance, Ms. Davis endured a torn uterus, a hysterectomy and the loss of her child after Dr. Bergen, Dr. Siems and/or John Does 1-10 used Cytotec to induce labor.

4.      Had Dr. Bergen, Dr. Siems and/or John Does 1-10 properly advised Latifah Davis of the risks, benefits and alternatives concerning the use of Cytotec, plaintiff (and a reasonable patient) would not have consented to the use of Cytotec and instead would have demanded that an FDA approved medication be used.

5.      As a direct and proximate result of the breach of informed consent, plaintiff has suffered damages.

WHEREFORE, Latifah Davis, both individually and as Administratrix of the Estate of Legend Jones, demands judgment against defendant Blair A. Bergen, M.D., Nicole M. Siems, D.O. and John Does 1-10 for compensatory damages, interests, attorneys' fees, costs and such other relief as the Court seems equitable and just.

## FOURTH COUNT

1.      Plaintiff Latifah Davis repeats and realleges the allegations heretofore plead as if fully set forth herein.

2.      As a result of the negligence of Dr. Bergen, Dr. Siems and John Does 1-10, Latifah Davis suffered severe injuries, including but not limited to a torn uterus and a hysterectomy, pain and suffering, disability, impairment, loss of enjoyment to life, emotional distress, and suffered economic damages including but not limited to medical bills and expenses, and loss of income for the rest of her life.

WHEREFORE, plaintiff Latifah Davis demands judgment against defendants Blair A. Bergen, M.D., Nicole M. Siems, D.O. and John Does 1-10 for compensatory damages, interest, attorney's fees, costs and such other relief as the Court seems equitable and just.

## FIFTH COUNT

1.      Plaintiff Latifah Davis repeats and realleges the allegations heretofore plead as if fully set forth herein.

2.      At all times relevant, defendants Dr. Bergen, Dr. Siems and John Does 1-10 are/were employees, agents, and/or servants of defendants Atlanticare Physicians Group Obstetrics & Gynecology, Southern Jersey Family Medical Centers, Atlanticare Regional Medical Center Mainland Campus and/or ABC Corps. 1-10.   Therefore, defendants Atlanticare Physicians Group Obstetrics & Gynecology, Southern Jersey Family Medical Centers, Atlanticare Regional Medical Center Mainland Campus and/or ABC Corps. 1-10 are liable for the negligence of Dr. Bergen, Dr. Siems and John Does 1-10 and the failure to provide informed consent pursuant to the doctrine of respondeat superior/agency/apparent agency.

WHEREFORE, plaintiff demands judgment against defendants Atlanticare Physicians Group Obstetrics & Gynecology, Southern Jersey Family Medical Centers, Atlanticare Regional Medical Center Mainland Campus and/or ABC Corps. 1-10 for compensatory damages, interest, attorney's fees, costs and such other relief as the Court seems equitable and just.

### **FIFTH COUNT**

1.    Plaintiff Latifah Davis repeats and realleges the allegations heretofore plead as if fully set forth herein.

2.    Defendants, Dr. Bergen, Dr. Siems and/or John Does 1-10 knew and were actually aware of the fact that there was significant danger of using Cytotec to induce Ms. Davis's labor, as opposed to other labor inducing medications, but did so nonetheless. In fact, defendants knew and were fully aware of the fact that Cytotec was not approved by the FDA for the purpose of inducing labor, and that the FDA warned that Cytotec may cause the same complications that plaintiffs suffered if used for the purpose of inducing labor.

3.    Defendants' actions were wanton, willful and with reckless disregard for the health, safety and well-being of both Latifah Davis and her baby, Legend Jones.

4.    Defendants' callous acts warrant an award of punitive damages.

WHEREFORE, plaintiff demands judgment against defendants Blair A. Bergen, M.D., Nicole M. Siems, D.O. and/or John Does 1-10 for compensatory damages, punitive damages, interest, attorney's fees, costs and such other relief as the Court seems equitable and just.

## JURY DEMAND

Please take notice that the plaintiffs demand a trial by jury as to all issues in the above matter.

## DESIGNATION OF TRIAL COUNSEL

David A. Mazie, Esq. is hereby designated as trial counsel in the above captioned matter.

## DEMAND FOR MEDICAL SPECIALTY

Pursuant to R. 4:5-3, provide the exact field of medicine you were practicing at the time of the alleged malpractice, and whether your treatment of the plaintiff involved that specialty.

## DEMAND FOR INSURANCE COVERAGE

In accordance with R. 4:10-2, defendants are demanded to provide a complete copy of all applicable insurance policies and declaration sheets demonstrating coverage within thirty (30) days of service of this Complaint.

## DISCOVERY DEMANDS

Plaintiff hereby demands that each defendant serve certified answers to Form C and Form C(3) Interrogatories within thirty (30) days of service of this Complaint. Plaintiff further demands that each defendant produce complete copies of the following documents within 30 days of service of the Complaint:

1.    True copies or original of all medical reports or records in the possession of the defendants with regard to any medical condition or illness, at any time, of plaintiff.

2.     True copies or original of all photographs, videos, charts, or diagrams in the possession of the defendants or under defendants' control regarding any matter relevant to the subject matter of this case.

3.     True copies or originals of any statements (written, oral or recorded), in the possession or control of the defendants from any party or witness regarding any matter relevant to the subject matter of this case.

4.     True copies or original of all documents in the possession of the defendants which support any defense or cross-claim being asserted by the defendants in the within litigation.

5.     True copies of any documents which defendants may utilize at trial, either as an exhibit marked for identification, cross-examination or as evidence.

6.     True copies or originals of all contracts or agreements between defendants and any other individuals, entities or other defendants, which touch on or relate to any matter relevant to the subject matter of this case.

7.     Provide original or true copies of each and every learned treatise, article, or any other scholarly or informational matter which defendants may utilize at the trial of this case either for use in defendants' case in chief, on cross-examination, on rebuttal, or at any other stage of the trial of this case.

8.     Provide original or true copy of each and every statement given by plaintiff, at any time, either written or recorded.

9.     Provide original or true copy of any and all discovery material with regard to any accident, injury, or lawsuit involving plaintiff, including but not limited to answers to interrogatories, deposition transcripts, and admissions.

10.     Produce copies of all correspondence between defendants and any anyone else regarding the treatment of plaintiff.

11.     True copies or original of any and all communications between defendants and any other individuals involved in the treatment of the plaintiff.

12.    True copies or original of any communications between defendants and any other entity regarding any matter relevant to the subject matter of this case.

13.    True copies of any documents in defendants' possession with regard to the criminal history of any party, witness, or person with knowledge relevant to this action.

14.    Copies of all reports or documents received from the Central Index Bureau (CIB) with regard to the plaintiff, decedent or defendant.

15.    A transcription of any handwritten office notes or treatment record maintained by defendant.

16.    Copies of all insurance policies (primary and excess) they may provide coverage for the allegations made in this Complaint.

17.    Copies of all pleadings, deposition transcripts, trial transcripts and discovery responses related to any other medical malpractice action where you were a defendant.

18.    The complete electronic records, documents, and information with regard to the plaintiff, or the plaintiff's medical care, regardless of how titled, described, or categorized, including but not limited to, (1) medical records including but not limited to progress notes, nursing records, laboratory testing, and imaging, (2), orders, (3) documentation of who was involved in any way, and when that occurred, (4) financial information, (5) charge sheets, and (6) legal records or notes.   Produce in hard copy and native, electronic format.

19.    True copies of any contracts of employment involving Dr. Blair A. Bergen from January 1, 2010 to present.

20.    True copies of any contracts of employment involving Dr. Nicole M. Siems from January 1, 2010 to present.

21.    Billing records for all Cytotec (misoprostol) usage in patients from January 1, 2010 through present.

22.    Billing records for all medications used to induce labor besides Cytotec (misoprostol) in patient from January 1, 2010.

23.    True copies or original of any and all internal memos, notes, policies and/or procedures regarding the use of Cytotec (misoprostol) for inducing labor.

24.     True copies or originals of any and all notices from the FDA regarding the use of Cytotec from any organization.

MAZIE SLATER KATZ & FREEMAN, LLC
Attorneys for Plaintiff


BY:   */s/ Adam M. Epstein*
          ADAM M. EPSTEIN

Dated:  March 9, 2021

## RULE 4:5-1 CERTIFICATION

I hereby certify that to the best of my knowledge the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding. I do not know of any other parties who should be joined in this action at this time.

I hereby certify that the foregoing statements made by me are true.  I am aware that if the statements made by me are willfully false, I am subject to punishment.


MAZIE SLATER KATZ & FREEMAN, LLC
Attorneys for Plaintiff


BY:   */s/ Adam M. Epstein*
          ADAM M. EPSTEIN

Dated:  March 9, 2021

# Exhibit 4

David A. Mazie, Esq.  (Attorney ID:  017941986)
Adam M. Epstein, Esq. (Attorney ID:  027482010)
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiff

| | |
|---|---|
| LATIFAH DAVIS, Individually and as Administratrix of the Estate of LEGEND JONES, <br><br> Plaintiff, <br><br> vs. <br><br> BLAIR A. BERGEN, M.D.; NICOLE M. SIEMS, D.O.; SOUTHERN JERSEY FAMILY MEDICAL CENTERS; ATLANTICARE PHYSICIANS GROUP OBSTETRICS & GYNECOLOGY; ATLANTICARE REGIONAL MEDICAL CENTER; JOHN DOES 1-10; ABC ENTITIES 1-10, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – ATLANTIC COUNTY DOCKET NO.:  ATL-L-4213-20 <br><br> Civil Action <br><br> **FIRST AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff Latifah Davis ("Davis"), residing at 400 North Indiana Avenue, Atlantic City, New Jersey, by way of Complaint against the defendants, says as follows:

## FIRST COUNT

1.      At all times relevant herein, defendant Blair A. Bergen, M.D. ("Dr. Bergen") was a physician duly licensed to practice medicine in the State of New Jersey, holding himself out as a specialist in Obstetrics and Gynecology, and working at Atlanticare Physicians Group Obstetrics & Gynecology, Southern Jersey Family Medical Centers and Atlanticare Regional Medical Center.

2.      At all times relevant herein, defendant Nicole M. Siems, D.O. ("Dr. Siems") was a physician duly licensed to practice medicine in the State of New Jersey, holding herself out as a specialist in Obstetrics and Gynecology, and working at both Atlanticare Physicians Group Obstetrics & Gynecology and Atlanticare Regional Medical Center.

3.      At all times relevant herein, Southern Jersey Family Medical Centers ("SJFMC") are qualified healthcare centers maintaining a principal place of business at the Women and Children's Health Pavilion, 1125 Atlantic Avenue in Atlantic City, New Jersey.

4.      At all times relevant, Atlanticare Physicians Group Obstetrics & Gynecology is a healthcare center providing obstetrics and gynecological care throughout southern New Jersey, with offices located throughout the state, including but not limited to at 54 West Jimmie Leeds Road in Galloway, New Jersey.

5.      Atlanticare Regional Medical Center Mainland Campus ("Atlanticare") is a hospital providing patients with a wide range of medical services, including but not limited to birth and delivery.  Atlanticare's principal place of business is located at 65 Jimmie Leeds Road in Pomona, New Jersey.

6.      At all times relevant herein defendant, John Does 1-10 were doctors, nurses, assistants and/or other medical professionals on the dates at issue involved in the treatment and care of Plaintiff.

7.      At all times relevant herein defendants, ABC Corps. 1-10 were entities which employed or were affiliated with any defendant in this matter.

8.      Davis treated with Dr. Bergen throughout the course of her pregnancy, seeing Dr. Bergen for checkups as scheduled.

9.      Davis was admitted to Atlanticare for delivery of her baby on February 16, 2020.

10.     Davis, along with Dr. Bergen and Dr. Siems, discussed the plan for inducing labor which included the use of Cytotec (a/k/a misoprostol).  Neither Dr. Bergen, Dr. Siems nor any other doctor, nurse or staff member advised Davis of any risks of using Cytotec to induce labor.  In particular, Dr. Bergen, Dr. Siems nor any other doctor, nurse or staff member advised Davis that the Food & Drug Administration ("FDA") had warned against using Cytotec to assist in the induction of labor.

11.     On February 16, 2020 at approximately 7:15 a.m., Cytotec was placed vaginally in Ms. Davis at the direction and/or instruction of Dr. Bergen and/or Dr. Siems.

12.     At approximately 9:15 a.m., Dr. Bergen was called by a nurse to inform him of fetal bradycardia in Ms. Davis's baby, Legend Jones, after Ms. Davis sustained a ruptured membrane with thin meconium fluid.

13.     An emergency cesarean section was subsequently called for fetal distress and vaginal bleeding, as well as possible placenta abruption.

14.     An emergency cesarean section and hysterectomy were performed at approximately 9:31 a.m.

15.     Unfortunately, upon delivery it was apparent that the baby had suffered significant damages.  Legend Jones' Apgar score at one minute was 0, at five minutes was 0, at ten minutes was 1, and at twenty minutes was 2.

16.     On February 16, 2020 at approximately 6:20 p.m., Legend Jones died.

17.     Defendants Dr. Bergen, Dr. Siems and John Does 1-10 failed to exercise the degree of care commonly exercised by other medical and/or healthcare professionals in like

cases having due regard to the existing state of knowledge of medicine.  Specifically, defendants misused Cytotec to induce Ms. Davis, and additionally failed to warn her of the following FDA alert regarding Misoprostol (marketed as Cyotec), which had been in existence since July 10, 2015:

> "FDA Alert – Risks of Use in Labor and Delivery.
>
> This Patient Information Sheet is for pregnant women who may receive misoprostol to soften their cervix or induce contractions to begin labor.  Misoprostol is sometimes used to decrease blood loss after delivery of a baby.  These uses are not approved by the FDA.  No company has sent the FDA scientific proof that misoprostol is safe and effective for these uses.
>
> There can be serious side effects, including a torn uterus (womb), when misoprostol is used for labor and delivery.  A torn uterus may result in severe bleeding, having the uterus removed (hysterectomy), and death of the mother or baby.  These side effects are more likely in women who have had previous uterine surgery, a previous Cesarean delivery (C-section), or several previous births."

18.  Defendants Dr. Bergen, Dr. Siems and John Does 1-10 were negligent, inter alia:

- for using Cytotec to induce labor;

- for failing to advise/improperly advising Ms. Davis that it was appropriate to use Cytotec to induce her labor; and

- for failing to properly and timely monitor Ms. Davis and Legend Jones's vital signs.

19.  As a direct and proximate result of defendants' malpractice, Legend Jones experienced great pain, suffering and permanent injury, ultimately resulting in his untimely death.  Plaintiff seeks recovery against Defendants Dr. Bergen, Dr. Siems and John Does 1-10 of all damages permitted pursuant to the New Jersey Wrongful Death Act and the New

Jersey Survivor's Act, including but not limited to all physical and emotional injuries suffered by Legend Jones prior to his death.

WHEREFORE, plaintiff Latifah Davis as Administatrix of the Estate of Legend Jones demands judgment against defendants Blair A. Bergen, M.D., Nicole M. Siems, D.O. and John Does 1-10 for compensatory damages, attorney's fees, interest, costs of suit and for such other relief as the Court deems equitable and just.

## SECOND COUNT

1.    Plaintiff repeats and realleges the allegations heretofore plead.

2.    Plaintiff Latifah Davis was present and witnessed Dr. Bergen's, Dr. Siems' and John Does 1-10's malpractice and its resulting injury to her baby.  Ms. Davis had specifically requested that Cytotec not be used to induce labor beforehand, but her requests were ignored, and she was told that this was the only medication that they were going to use to induce her.  Ms. Davis was aware at the time of these events that there remained the risks associated with Cytotec and that the treatment provided to her baby and herself fell below the acceptable standards of care.

3.    As a result of witnessing and experiencing this malpractice, Ms. Davis has suffered significant and permanent psychological injuries.

WHEREFORE, plaintiff Latifah Davis demands judgment against defendants Blair A. Bergen, M.D., Nicole M. Siems, D.O. and John Does 1-10 for compensatory damages, interest, attorney's fees, costs and such other relief as the Court seems equitable and just.

## THIRD COUNT

1.    Plaintiff Latifah Davis repeats and realleges the allegations heretofore plead as if fully set forth herein.

2.      Defendants Dr. Bergen, Dr. Siems and John Does 1-10 had a duty to fully explain to Ms. Davis all risks, benefits and alternatives to using Cytotec to induce Ms. Davis into labor for the delivery of her baby, Legend Jones.  Dr. Bergen and/or Dr. Siems failed to discuss any risks, benefits or alternatives to using Cytotec, thereby breaching his duty of informed consent.

3.      Specifically, Dr. Bergen, Dr. Siems and John Does 1-10 failed to inform Ms. Davis that Cytotec was contraindicated for inducing labor, that there was a risk of a torn uterus and a possible hysterectomy if it was administered, and they failed to inform her of all known complications of using Cytotec to induce labor.  In this instance, Ms. Davis endured a torn uterus, a hysterectomy and the loss of her child after Dr. Bergen, Dr. Siems and/or John Does 1-10 used Cytotec to induce labor.

4.      Had Dr. Bergen, Dr. Siems and/or John Does 1-10 properly advised Latifah Davis of the risks, benefits and alternatives concerning the use of Cytotec, plaintiff (and a reasonable patient) would not have consented to the use of Cytotec and instead would have demanded that an FDA approved medication be used.

5.      As a direct and proximate result of the breach of informed consent, plaintiff has suffered damages.

WHEREFORE, Latifah Davis, both individually and as Administratrix of the Estate of Legend Jones, demands judgment against defendant Blair A. Bergen, M.D., Nicole M. Siems, D.O. and John Does 1-10 for compensatory damages, interests, attorneys' fees, costs and such other relief as the Court seems equitable and just.

**FOURTH COUNT**

1.      Plaintiff Latifah Davis repeats and realleges the allegations heretofore plead as if fully set forth herein.

2.      As a result of the negligence of Dr. Bergen, Dr. Siems and John Does 1-10, Latifah Davis suffered severe injuries, including but not limited to a torn uterus and a hysterectomy, pain and suffering, disability, impairment, loss of enjoyment to life, emotional distress, and suffered economic damages including but not limited to medical bills and expenses, and loss of income for the rest of her life.

WHEREFORE, plaintiff Latifah Davis demands judgment against defendants Blair A. Bergen, M.D., Nicole M. Siems, D.O. and John Does 1-10 for compensatory damages, interest, attorney's fees, costs and such other relief as the Court seems equitable and just.

**FIFTH COUNT**

1.      Plaintiff Latifah Davis repeats and realleges the allegations heretofore plead as if fully set forth herein.

2.      At all times relevant, defendants Dr. Bergen, Dr. Siems and John Does 1-10 are/were employees, agents, and/or servants of defendants Atlanticare Physicians Group Obstetrics & Gynecology, Southern Jersey Family Medical Centers, Atlanticare Regional Medical Center Mainland Campus and/or ABC Corps. 1-10.   Therefore, defendants Atlanticare Physicians Group Obstetrics & Gynecology, Southern Jersey Family Medical Centers, Atlanticare Regional Medical Center Mainland Campus and/or ABC Corps. 1-10 are liable for the negligence of Dr. Bergen, Dr. Siems and John Does 1-10 and the failure to provide informed consent pursuant to the doctrine of respondeat superior/agency/apparent agency.

WHEREFORE, plaintiff demands judgment against defendants Atlanticare Physicians Group Obstetrics & Gynecology, Southern Jersey Family Medical Centers, Atlanticare Regional Medical Center Mainland Campus and/or ABC Corps. 1-10 for compensatory damages, interest, attorney's fees, costs and such other relief as the Court seems equitable and just.

## FIFTH COUNT

1.      Plaintiff Latifah Davis repeats and realleges the allegations heretofore plead as if fully set forth herein.

2.      Defendants, Dr. Bergen, Dr. Siems and/or John Does 1-10 knew and were actually aware of the fact that there was significant danger of using Cytotec to induce Ms. Davis's labor, as opposed to other labor inducing medications, but did so nonetheless.  In fact, defendants knew and were fully aware of the fact that Cytotec was not approved by the FDA for the purpose of inducing labor, and that the FDA warned that Cytotec may cause the same complications that plaintiffs suffered if used for the purpose of inducing labor.

3.      Defendants' actions were wanton, willful and with reckless disregard for the health, safety and well-being of both Latifah Davis and her baby, Legend Jones.

4.      Defendants' callous acts warrant an award of punitive damages.

WHEREFORE, plaintiff demands judgment against defendants Blair A. Bergen, M.D., Nicole M. Siems, D.O. and/or John Does 1-10 for compensatory damages, punitive damages, interest, attorney's fees, costs and such other relief as the Court seems equitable and just.

## JURY DEMAND

Please take notice that the plaintiffs demand a trial by jury as to all issues in the above matter.

## DESIGNATION OF TRIAL COUNSEL

David A. Mazie, Esq. is hereby designated as trial counsel in the above captioned matter.

## DEMAND FOR MEDICAL SPECIALTY

Pursuant to R. 4:5-3, provide the exact field of medicine you were practicing at the time of the alleged malpractice, and whether your treatment of the plaintiff involved that specialty.

## DEMAND FOR INSURANCE COVERAGE

In accordance with R. 4:10-2, defendants are demanded to provide a complete copy of all applicable insurance policies and declaration sheets demonstrating coverage within thirty (30) days of service of this Complaint.

## DISCOVERY DEMANDS

Plaintiff hereby demands that each defendant serve certified answers to Form C and Form C(3) Interrogatories within thirty (30) days of service of this Complaint.  Plaintiff further demands that each defendant produce complete copies of the following documents within 30 days of service of the Complaint:

> 1.    True copies or original of all medical reports or records in the possession of the defendants with regard to any medical condition or illness, at any time, of plaintiff.

2.      True copies or original of all photographs, videos, charts, or diagrams in the possession of the defendants or under defendants' control regarding any matter relevant to the subject matter of this case.

3.      True copies or originals of any statements (written, oral or recorded), in the possession or control of the defendants from any party or witness regarding any matter relevant to the subject matter of this case.

4.      True copies or original of all documents in the possession of the defendants which support any defense or cross-claim being asserted by the defendants in the within litigation.

5.      True copies of any documents which defendants may utilize at trial, either as an exhibit marked for identification, cross-examination or as evidence.

6.      True copies or originals of all contracts or agreements between defendants and any other individuals, entities or other defendants, which touch on or relate to any matter relevant to the subject matter of this case.

7.      Provide original or true copies of each and every learned treatise, article, or any other scholarly or informational matter which defendants may utilize at the trial of this case either for use in defendants' case in chief, on cross-examination, on rebuttal, or at any other stage of the trial of this case.

8.      Provide original or true copy of each and every statement given by plaintiff, at any time, either written or recorded.

9.      Provide original or true copy of any and all discovery material with regard to any accident, injury, or lawsuit involving plaintiff, including but not limited to answers to interrogatories, deposition transcripts, and admissions.

10.     Produce copies of all correspondence between defendants and any anyone else regarding the treatment of plaintiff.

11.     True copies or original of any and all communications between defendants and any other individuals involved in the treatment of the plaintiff.

12.     True copies or original of any communications between defendants and any other entity regarding any matter relevant to the subject matter of this case.

13.     True copies of any documents in defendants' possession with regard to the criminal history of any party, witness, or person with knowledge relevant to this action.

14.     Copies of all reports or documents received from the Central Index Bureau (CIB) with regard to the plaintiff, decedent or defendant.

15.     A transcription of any handwritten office notes or treatment record maintained by defendant.

16.     Copies of all insurance policies (primary and excess) they may provide coverage for the allegations made in this Complaint.

17.     Copies of all pleadings, deposition transcripts, trial transcripts and discovery responses related to any other medical malpractice action where you were a defendant.

18.     The complete electronic records, documents, and information with regard to the plaintiff, or the plaintiff's medical care, regardless of how titled, described, or categorized, including but not limited to, (1) medical records including but not limited to progress notes, nursing records, laboratory testing, and imaging, (2), orders, (3) documentation of who was involved in any way, and when that occurred, (4) financial information, (5) charge sheets, and (6) legal records or notes.   Produce in hard copy and native, electronic format.

19.     True copies of any contracts of employment involving Dr. Blair A. Bergen from January 1, 2010 to present.

20.     True copies of any contracts of employment involving Dr. Nicole M. Siems from January 1, 2010 to present.

21.     Billing records for all Cytotec (misoprostol) usage in patients from January 1, 2010 through present.

22.     Billing records for all medications used to induce labor besides Cytotec (misoprostol) in patient from January 1, 2010.

23.     True copies or original of any and all internal memos, notes, policies and/or procedures regarding the use of Cytotec (misoprostol) for inducing labor.

24.     True copies or originals of any and all notices from the FDA regarding the use of Cytotec from any organization.

**MAZIE SLATER KATZ & FREEMAN, LLC**
Attorneys for Plaintiff


BY:___*/s/ Adam M. Epstein*_____
        ADAM M. EPSTEIN

Dated:  March 9, 2021

## RULE 4:5-1 CERTIFICATION

I hereby certify that to the best of my knowledge the matter in controversy is not

the subject of any other action pending in any Court or of a pending arbitration proceeding.

I do not know of any other parties who should be joined in this action at this time.

I hereby certify that the foregoing statements made by me are true.  I am aware that

if the statements made by me are willfully false, I am subject to punishment.


MAZIE SLATER KATZ & FREEMAN, LLC
Attorneys for Plaintiff


BY:___*/s/ Adam M. Epstein*_____
        ADAM M. EPSTEIN

Dated:  March 9, 2021

# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ 07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

°Member of N.J. & N.Y. Bars

**Writer's Email:**
aepstein@mazieslater.com

Karen G. Kelsen°
Cheryll A. Calderon
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Alexander Q. Reynoso
Samuel G. Wildman
Julia S. Slater°

March 12, 2021

**Via E-Courts**
Civil Processing Clerk
Atlantic County Civil Courts Building
1201 Bacharach Boulevard, 3rd Floor
Atlantic City, New Jersey 08401

> **RE:** **Latifah Davis, Individually and as Administratrix of the Estate of Legend Jones**
> **Blair A. Bergen, M.D., et al.**
> **Docket No.: ATL-L-4213-20**

Dear Sir/Madam:

We represent the plaintiff in the above captioned matter. Enclosed please find plaintiff's First Amended Complaint which is being filed pursuant to the Consent Order of the Hon. James P. Savio, J.S.C. filed on March 10, 2021 (a copy of which is attached).

Very truly yours,

/s/Adam M. Epstein

ADAM M. EPSTEIN

cc:    Hon. James P. Savio, J.S.C.
       Eric M. Wood, Esq. (Via E-Courts)

AME:tl/Encl.
H:\DAM\Jones, Legend\Clerk ltr encl 1st amended complaint 3-12-21.docx

David A. Mazie, Esq. (Attorney ID: 017941986)
Adam M. Epstein, Esq. (Attorney ID: 027482010)
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiff

| | |
|---|---|
| LATIFAH DAVIS, Individually and as Administratrix of the Estate of LEGEND JONES, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – ATLANTIC COUNTY DOCKET NO.: ATL-L-4213-20 |
| Plaintiff, | Civil Action |
| vs. | **CONSENT ORDER PERMITTING PLAINTIFF TO AMEND THE COMPLAINT** |
| BLAIR A. BERGEN, M.D.; ATLANTICARE MATERNAL FETAL MEDICINE; ATLANTICARE REGIONAL MEDICAL CENTER; JOHN DOES 1-10; ABC ENTITIES 1-10, | |
| Defendants. | |

**THIS MATTER** having been brought before the Court upon the application of plaintiff; and defense counsel for AtlantiCare Regional Medical Center having consented to the form and entry of the within Order;

**WHEREAS** upon review of the medical records it has become apparent that Nicole M. Siems, D.O. is a doctor involved the medical care and treatment that is the subject of this lawsuit;

**WHEREAS** plaintiff has been advised that Blair A. Bergen, M.D. and Nicole M. Siems, D.O., were at all times relevant employees, agents, and/or servants of defendants AtlantiCare Physicians Group Obstetrics & Gynecology, Southern Jersey Family Medical Centers and/or AtlantiCare Regional Medical Center Mainland Campus;

**WHEREAS** plaintiff has become aware that AtlantiCare Maternal Fetal Medicine is not a legal entity;

**WHEREAS** Plaintiff now seeks to file an Amended Complaint to remove AtlantiCare Maternal Fetal Medicine as a named defendnat, and add Nicole M. Siems, D.O., Southern Jersey Family Medical Centers and AtlantiCare Physicians Group Obstetrics & Gynecology as named defendants, consistent with the proposed First Amended Complaint attached hereto as Exhibit "A";

**WHEREAS** Plaintiff now seek to revise the allegations set forth against the defendants, consistent with the proposed First Amended Complaint attached hereto as Exhibit "A."

**IT IS** on this ___10th___ day of March, 2021;

**ORDERED** that plaintiff, Laifah Davis, Individually and as Administratrix of the Estate of Legend Jones, is permitted to file the proposed First Amended Complaint attached hereto as Exhibit "A"; and it is further

**ORDERED** that a copy of this Order shall be served on all counsel within (7) seven days of the date hereof.

_____
HON. JAMES P. SAVIO, J.S.C.

**WE HEREBY CONSENT TO THE FORM
AND ENTRY OF THE WITHIN ORDER**

**MAZIE SLATER KATZ & FREEMAN, LLC**
Attorneys for Plaintiff, Latifah Davis, Individually and
as Administratrix of the Estate of Legend Jones

By: _____  3/9/21
        Adam M. Epstein, Esq.        Dated

**FOX ROTHSCHILD LLP**
Attorneys for Defendant, AtlantiCare Regional Medical Center

By: _____     3/9/21
     Eric M. Wood, Esq.          Dated

# Exhibit 5

David A. Mazie, Esq. (Attorney ID: 017941986)
Adam M. Epstein, Esq. (Attorney ID: 027482010)
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiff

| | |
|---|---|
| LATIFAH DAVIS, Individually and as Administratrix of the Estate of LEGEND JONES,<br><br>        Plaintiff,<br><br>    vs.<br><br>BLAIR A. BERGEN, M.D.; NICOLE M. SIEMS, D.O.; SOUTHERN JERSEY FAMILY MEDICAL CENTERS; ATLANTICARE PHYSICIANS GROUP OBSTETRICS & GYNECOLOGY; ATLANTICARE REGIONAL MEDICAL CENTER; JOHN DOES 1-10; ABC ENTITIES 1-10, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ATLANTIC COUNTY DOCKET NO.: ATL-L-4213-20<br><br><br>CIVIL ACTION<br><br>**AFFIDAVIT OF MERIT** |

STATE OF NEW JERSEY        )
                                                    ) SS
COUNTY OF ESSEX            )

RICHARD L. LUCIANI, M.D., of full age, upon his oath deposes and says:

1.        I am a medical doctor licensed to practice in the State of New Jersey, and I have been continuously so licensed for over 30 years. I am also Board certified in obstetrics and gynecology, and have been continuously so for more than 25 years. I have practiced medicine continuously for the past 25 years.

2.        I have reviewed medical records and other documents relating to the treatment of Latifah Davis and her fetus, which records and documents include the medical records from Atlanticare Maternal Fetal Medicine and Atlanticare Regional Medical Center.

3.        After reviewing these medical records, it is my opinion that there exists a reasonable probability that the care, skill and/or knowledge exercised by Blair A. Bergen, M.D., Nicole M. Siems, D.O., Southern Jersey Family Medical Centers, Atlanticare Physicians Group Obstetrics & Gynecology and Atlanticare Regional Medical Center in their treatment of plaintiff and her fetus (before and during labor and delivery) fell below the standard of care.

4.        I have no financial interest in the outcome of this case under review, although I may serve as a paid expert witness in this matter.

I certify that the above statements made by me are true. I am aware that if any of the above statements made by me are willfully false, I am subject to punishment.

RICHARD L. LUCIANI, M.D.

Sworn and subscribed
before me on this _5th_
day of April, 2021

_M Cioffi_
_____
Notary

```
MARNI B. CIOFFI
Commission # 50017460
Notary Public, State of New Jersey
My Commission Expires
June 10, 2025
```

Attached hereto is an Affidavit of Merit.  If any Defendant contends that this Affidavit of
Merit fails to completely satisfy the requirements of the Affidavit of Merit Statute in any way,
demand is hereby made that the Defendant immediately notify the Plaintiffs of any such
alleged deficiencies so that same may be corrected if necessary and within the time constraint
of N.J.S.A. 2A:53A-26 *et seq.*

# Exhibit 6

RACHAEL A. HONIG
Acting United States Attorney
JOHN F. BASIAK JR. (Attorney ID No.: 017122005)
Assistant U.S. Attorney
402 East State Street, Room 430
Trenton, NJ 08608
(609) 858-0309
john.basiak@usdoj.gov
*Attorneys for United States*

| | |
|---|---|
| LATIFAH DAVIS, Individually and as Administratrix of the Estate of LEGEND JONES,<br><br>    *Plaintiff,*<br><br>  v.<br><br>BLAIR A. BERGEN, M.D.; NICOLE M. SIEMS, D.O.; SOUTHERN JERSEY FAMILY MEDICAL CENTERS; ATLANTICARE PHYSICIANS GROUP OBSTETRICS & GYNECOLOGY; ATLANTICARE REGIONAL MEDICAL CENTER; JOHN DOES 1-10; ABC ENTITIES 1-10,<br><br>    *Defendants.* | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, CIVIL PART ATLANTIC COUNTY<br><br>Docket No. ATL-L-4213-20<br><br><br>**NOTICE OF THE UNITED STATES UNDER 42 U.S.C. § 233(l)(1)** |

   The United States of America, by its attorneys, Rachael A. Honig, Acting

United States Attorney for the District of New Jersey and John F. Basiak Jr.,

Assistant United States Attorney (appearing), provide the following notice under 42

U.S.C. § 233(l)(1):

   1.  The U.S. Department of Health and Human Services ("HHS") notified

this office on April 13, 2021, of this state court action against defendants Southern

Jersey Family Medical Centers, Blair A. Bergen, M.D., and Nicole M. Siems, D.O.

Southern Jersey Family Medical Centers is a public or non-profit private entity

receiving federal funds under section 254b of the Federally Supported Health

Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233(g)-(n), and an entity described

in 42 U.S.C. § 233(g)(4).  Dr. Bergen and Dr. Siems are alleged to have been

"working at" Southern Jersey Family Medical Centers during the time alleged in

the amended complaint.

2.      Under 42 U.S.C. § 233(l)(1), the United States is appearing for the

limited purpose of notifying the Court as to whether the Secretary of HHS has

advised that Southern Jersey Family Medical Centers or any of the persons named

above have been "deemed" to be an "employee of the Public Health Service"

regarding the actions or omissions that are the subject of this civil action.

3.      At present, HHS has advised that only Southern Jersey Family

Medical Centers has been "deemed to be an employee of the Public Health Service."

HHS has not yet provided its report as to whether the deemed status of Southern

Jersey Family Medical Centers extends to Blair A. Bergen, M.D., Nicole M. Siems,

D.O., or any other individual defendant under 42 U.S.C. §§ 233(g) and (h) for the

acts or omissions that are the subject of this civil action.  *See* 28 C.F.R. § 15.3

(requiring HHS to provide a report to the United States Attorney's Office).

4.      Once HHS completes its review and provides its report, the United

States Attorney, as the United States Attorney General's delegate, will determine

whether the acts alleged in the amended complaint fall within the scope of 42

U.S.C. § 233(a), the applicable provisions of the FSHCAA, and were otherwise

within the scope of Southern Jersey Family Medical Center's or the individuals' "deemed" employment.  *See* 42 U.S.C. § 233(c); 28 C.F.R. § 15.4(b) (removal and defense of suits by United States Attorney); 60 Fed. Reg. 22,531.

5.      HHS has not yet provided the United States Attorney with sufficient information to make that determination.  If any of the above-named defendants are determined to have been deemed employees of the Public Health Service for purposes of the acts or omissions giving rise to this suit, and that they were acting within the scope of their deemed employment, it is anticipated that this action will be removed to federal court under 28 U.S.C. § 233(c).

Respectfully submitted,

RACHAEL A. HONIG
Acting United States Attorney


By:     /s/ John F. Basiak Jr.
JOHN F. BASIAK JR.
Assistant U.S. Attorney
*Attorneys for United States*

Dated: April 27, 2021

# Exhibit 7

**Fox Rothschild LLP**
formed in the Commonwealth of Pennsylvania
1301 Atlantic Avenue
Midtown Building, Suite 400
Atlantic City, New Jersey  08401
609-348-4515  (FAX: 609-348-6834)
Eric M. Wood Attorney ID #022581990
Epiphany McGuigan Attorney ID#045911883
Attorneys for Defendant AtlantiCare Physicians Group OB/GYN
and AtlantiCare Regional Medical Center

| | |
|---|---|
| LATIFAH DAVIS, Individually and as Administratrix of the Estate of LEGEND JONES <br><br> Plaintiff, <br><br> vs. <br><br> BLAIR A. BERGEN, M.D.; NICOLE SIEMS, DO; SOUTHERN JERSEY FAMILY MEDICAL CENTERS; ATLANTICARE PHYSICIANS GROUP OBSTETRICS AND GYNECOLOGY; ATLANTICARE MATERNAL FETAL MEDICINE; ATLANTICARE REGIONAL MEDICAL CENTER; JOHN DOES 1-110; ABC ENTITIES 1-10 <br><br> Defendants. | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION ATLANTIC COUNTY** <br><br> **DOCKET NO.:  ATL-L-4213-20** <br><br> **CIVIL ACTION** <br><br> **DEFENDANTS, ATLANTICARE PHYSICIANS GROUP OB/GYN AND ATLANTICARE REGIONAL MEDICAL CENTER, ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, REQUEST FOR STATEMENT OF DAMAGES, NOTICE OF DESIGNATION OF TRIAL COUNSEL, JURY DEMAND, NOTICE PURSUANT TO R. 1:5-1(A) AND 4:17-4(C) AND CROSSCLAIM** |

NOW COMES the defendants, AtlantiCare Physicians Group OB/GYN and AtlantiCare Regional Medical Center, by way of Answer to Plaintiffs' Complaint, says:

## FIRST COUNT

1.      Admitted

2.      It is admitted that Dr. Siems is a licensed physician.  The remaining portion of the allegations are denied.

3.      Admitted

4.      Denied.

5.      Admitted.

6.      Upon the advice of counsel, these answering defendants presently have insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendants.

7.      Upon the advice of counsel, these answering defendants presently have insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendants.

8.      Upon the advice of counsel, these answering defendants presently have insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendants.

9.      Upon the advice of counsel, these answering defendants presently have insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendants.

10.      Upon the advice of counsel, these answering defendants presently have insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendants.

11.      Upon the advice of counsel, these answering defendants presently have insufficient information upon which to admit or deny the allegations of this paragraph and

therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendants.

12.     Upon the advice of counsel, these answering defendants presently have insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendants.

13.     Upon the advice of counsel, these answering defendants presently have insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendants.

14.     Upon the advice of counsel, these answering defendants presently have insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendants.

15.     Upon the advice of counsel, these answering defendants presently have insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendants.

16.     Upon the advice of counsel, these answering defendants presently have insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendants.

17.     Upon the advice of counsel, these answering defendants presently have insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendants.

18.     Upon the advice of counsel, these answering defendants presently have insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendants.

19.     Denied.

WHEREFORE, these answering defendants demand judgment dismissing the Complaint and for such other relief as the Court deems to be just and equitable.

## SECOND COUNT

1.     These answering defendants repeat and incorporate herein by reference each and every answer to the preceding paragraphs of the Complaint.

2.     Upon the advice of counsel, these answering defendants presently have insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendants.

3.     Upon the advice of counsel, these answering defendants presently have insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendants.

WHEREFORE, these answering defendants demand judgment dismissing the Complaint and for such other relief as the Court deems to be just and equitable.

**THIRD COUNT**

1.      These answering defendants repeat and incorporate herein by reference each and every answer to the preceding paragraphs of the Complaint.

2.      Upon the advice of counsel, these answering defendants presently have insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendants.

3.      Upon the advice of counsel, these answering defendants presently have insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendants.

4.      Upon the advice of counsel, these answering defendants presently have insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendants.

5.      Denied.

WHEREFORE, these answering defendants demand judgment dismissing the Complaint and for such other relief as the Court deems to be just and equitable.

**FOURTH COUNT**

1.      These answering defendants repeat and incorporates herein by reference each and every answer to the preceding paragraphs of the Complaint.

2.      Upon the advice of counsel, these answering defendants presently have insufficient information upon which to admit or deny the allegations of this paragraph and

therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendants.

WHEREFORE, these answering defendants demand judgment dismissing the Complaint and for such other relief as the Court deems to be just and equitable.

## FIFTH COUNT

1. These answering defendants repeat and incorporate herein by reference each and every answer to the preceding paragraphs of the Complaint.

2. Denied.  Dr. Bergen and Dr. Siems were employed by South Jersey Family Medical Center through a contract to treat their patients.

WHEREFORE, these answering defendants demand judgment dismissing the Complaint and for such other relief as the Court deems to be just and equitable.

## SIXTH COUNT IMPROPERLY IDENTIFIED AS FIFTH COUNT

1. These answering defendants repeat and incorporates herein by reference each and every answer to the preceding paragraphs of the Complaint.

2. Upon the advice of counsel, these answering defendants presently have insufficient information upon which to admit or deny the allegations of this paragraph and therefore enters a formal denial and puts plaintiff to proof.  Moreover, it appears the allegations of this paragraph are not directed toward these answering defendants.

3. Denied.

4. Denied.

WHEREFORE, these answering defendants demand judgment dismissing the Complaint and for such other relief as the Court deems to be just and equitable.

## CROSS-CLAIM FOR COMMON LAW INDEMNIFICATION

If defendants, AtlantiCare Physicians Group OB/GYN and AtlantiCare Regional Medical Center, are guilty of negligence or otherwise liable to the plaintiff in any sum whatsoever, which fact is denied, co-defendants, Blair A. Bergen, M.D., Nicole Siems, D.O., and Southern Jersey Family Medical Centers are liable to indemnify and completely save harmless defendants, AtlantiCare Physicians Group OB/GYN and AtlantiCare Regional Medical Center, under common law principles of indemnity and under contract express and implied.

**FOX ROTHSCHILD LLP**
Attorneys for Defendants, AtlantiCare Physicians
Group OB/GYN and AtlantiCare Regional Medical
Center

By: _____
Eric M. Wood, Esquire

## FIRST AFFIRMATIVE DEFENSE

Defendants hereby reserve the right to amend this Answer to assert additional Separate Defenses as revealed or suggested by the completion of on-going investigation and discovery.

## SECOND AFFIRMATIVE DEFENSE

At all times and places mentioned in the Complaint herein, the defendants violated no legal duty owing by defendants to plaintiff.

## THIRD AFFIRMATIVE DEFENSE

At all times and places mentioned in the Complaint, defendants neither committed any act nor made any omission in any way related to the subject matter of the within Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Any and all damages alleged to have been suffered by plaintiff are not causally related to any act or omission alleged to be chargeable to defendants.

## FIFTH AFFIRMATIVE DEFENSE

This defendants deny that the co-defendants or any of them are, at the time of the incident alleged in the Complaint, the agents, servants, or employees of this defendant.

## SIXTH AFFIRMATIVE DEFENSE

Any injury, damage or loss sustained by plaintiff was due to the acts or omissions of a third party over whom these defendants exercised no authority and had no control.

## SEVENTH AFFIRMATIVE DEFENSE

In the event damages should be awarded to plaintiff, they must be diminished by that percentage of plaintiff's own negligence pursuant to the terms and provisions of the Comparative Negligence Statute of the State of New Jersey, N.J.S.A. 2A:15-5.1 et seq.

## EIGHTH AFFIRMATIVE DEFENSE

This defendant includes all separate defenses applicable to plaintiff which have been raised by any other co-defendant in the within matter as if fully set forth herein and makes the same, to such extent that it does not imply liability on the part of this defendant, jointly and severally, these defendants' defenses.

## NINTH AFFIRMATIVE DEFENSE

This defendant denies committing any act of negligence or violating any duty owed to plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Any conditions of which plaintiff complains or from which plaintiff presently suffers are unrelated to any of the incidents referred to in the Complaint, or to actions or treatments that were performed or ordered by defendant, either by causation, exacerbation, or both.

## ELEVENTH AFFIRMATIVE DEFENSE

The defendants aver, with respect to any treatment proposed or rendered to the plaintiff, that it did exercise every degree of care requisite in any hospital-patient relationship, and that the plaintiff was informed of all information of which plaintiff should have been informed, and that in so informing the plaintiff, defendants acted within accepted standards recognized and followed by others in the same profession and specialty.

## TWELFTH AFFIRMATIVE DEFENSE

The defendants aver that whatever duties were required of defendant by and for plaintiff, that they were performed properly, and that defendants employed and demonstrated in performing such duties the requisite skill, discretion, and judgment in accordance with the accepted standards and practices recognized and followed by others of like profession and specialty.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants demand credit for any and all payments by way of insurance or other medical benefits received by the plaintiff as against any award made to plaintiff as a result of this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

Pursuant to R. 4:7-5, this defendant reserves the right to seek a credit reducing the amount of plaintiff's judgment, if any, to reflect the degree of fault allocated by the jury to any co-defendant, regardless of settlement by any co-defendant.  These defendants assert that the liability of any settling co-defendant shall be an issue at the time of trial.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the Entire Controversy Doctrine.

## SIXTEENTH AFFIRMATIVE DEFENSE

These defendants assert its right to a credit as to any other settling co-defendant or any other party in any other action with whom plaintiff settles or has settled.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Although defendants deny any negligence in this matter, if defendant is found to have been negligent, such negligence was passive, imputed, and constructive, and the defendant cross-claims for indemnification from the defendant whose negligence was and is primary, actual and direct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The claims of the plaintiff herein are barred by the Statute of Limitations in such cases made and provided.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's condition is the direct and proximate result of the natural degenerative changes of the human body, and have (and would have) occurred despite any and all intervention, prescription and treatment, or lack thereof, by these defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

This claim is barred or limited by the New Jersey Wrongful Death Act, <u>N.J.S.A.</u> 2A:3.1 et seq.

## TWENTY FIRST AFFIRMATIVE DEFENSE

Any damages awarded against defendants, AtlantiCare Regional Medical Center are precluded or otherwise limited pursuant to <u>N.J.S.A.</u> 2A:53A-7.

## REQUEST FOR STATEMENT OF DAMAGES

Pursuant to the provisions of <u>R.</u> 4:5-2, it is requested that within five days of service hereof, you furnish a written statement specifying the amount of damage claimed by the plaintiff in the above-entitled action.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

Pursuant to <u>R.</u> 4:25-4, Eric M. Wood, Esquire, is hereby designated as trial counsel.

## AFFIDAVIT OF MERIT

Pursuant to <u>N.J.S.A.</u> 2A:53A-26, demand is made, here and now, for an Affidavit of Merit as to an individual competent to render an affidavit against a hospital and/or hospital system; and an Affidavit of Merit as to an individual competent to render an affidavit against a medical practice specializing in obstetrics and gynecology.

## JURY DEMAND AND NOTICE PURSUANT TO RULE 1:8(c)

The answering defendant(s) demand a trial by jury on all issues so triable.  Notice is hereby given that this demand shall continue and become effective upon the drawing of a jury of six persons and that the stipulation customarily deemed to have been agreed to pursuant to Rule 1:8-2(c) is specifically rejected.  Defendants hereby place on the record refusal to stipulation to a verdict by less than six jurors on any question before the jury.

## NOTICE PURSUANT TO R. 1:5-1(a) and 4:17-4(c)

Please take notice that the undersigned attorney does hereby demand, pursuant to the above cited Rules of Court that each party herein serving pleadings and interrogatories and receiving answers thereto, serve all copies of such pleadings and answered interrogatories, and all documents, papers and other material referred to therein, received from any party, upon the undersigned attorney and take notice that this is a continuing demand.

**FOX ROTHSCHILD LLP**

By: _____
    Eric M. Wood, Esquire

Dated:  April 30, 2021

## CERTIFICATION PURSUANT TO R. 4:5-1

I certify that to the best of my knowledge there are no other pending actions or arbitration proceedings concerning the subject of this action, and that no such other actions or arbitration proceedings are contemplated at this time.  I further certify that I know of no other persons who should be joined as parties in this action at this time.

**FOX ROTHSCHILD LLP**

By: _____
    Eric M. Wood, Esquire

Dated:  April 30, 2021

**Fox Rothschild LLP**
formed in the Commonwealth of Pennsylvania
1301 Atlantic Avenue
Midtown Building, Suite 400
Atlantic City, New Jersey  08401
609-348-4515  (FAX: 609-348-6834)
Eric M. Wood Attorney ID #022581990
Epiphany McGuigan Attorney ID#045911883
Attorneys for Defendants, AtlantiCare Physicians Group OB/GYN
and AtlantiCare Regional Medical Center

| | |
|---|---|
| LATIFAH DAVIS, Individually and as Administratrix of the Estate of LEGEND JONES<br><br>Plaintiff,<br><br>vs.<br><br>BLAIR A. BERGEN, M.D.; NICOLE SIEMS, DO; SOUTHERN JERSEY FAMILY MEDICAL CENTERS; ATLANTICARE PHYSICIANS GROUP OBSTETRICS AND GYNECOLOGY; ATLANTICARE MATERNAL FETAL MEDICINE; ATLANTICARE REGIONAL MEDICAL CENTER; JOHN DOES 1-110; ABC ENTITIES 1-10<br><br>Defendants. | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION ATLANTIC COUNTY**<br><br>**DOCKET NO.:  ATL-L-4213-20**<br><br>**CIVIL ACTION**<br><br>**PROOF OF FILING AND SERVICE** |

I, Jo Ann Rowen, hereby certify as follows:

1.     I am a legal administrative assistant at Fox Rothschild LLP, attorneys for defendant..

2.     On April 30, 2021, I filed via eCourts Answer to Plaintiffs' First Amended Complaint on behalf of defendants, AtlantiCare Physicians Group OB/GYN and AtlantiCare Regional Medical Center, to the Clerk of the Court at the Atlantic County Superior Court of New Jersey, and I served a copy on all counsel of record via eCourts.

3.      I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.


_____

Jo Ann Rowen

120592591-4/30/21

# Exhibit 8

ATLANTIC COUNTY LAW DIVISION
SUPERIOR COURT OF NEW JERSEY
1201 BACHARACH BLVD
ATLANTIC CITY    NJ 08401

                                    DISMISSAL NOTICE


TELEPHONE - (609) 402-0100 EXT. 47790,ROBERT HELSABECK      TEAM 002
COURT HOURS:  8:30 AM - 4:30 PM

                    DATE: MAY 07, 2021
                      RE: DAVIS LATIFAH  VS BERGEN, M.D. BLAIR
                   DOCKET: ATL L -004213 20
                   PARTY:   B BERGEN, M.D.



           PLEASE TAKE NOTICE THAT ON JULY 06, 2021     (60 DAYS FROM DATE OF
THIS NOTICE), THE COURT WILL DISMISS THE ABOVE PARTY OR PARTIES FOR LACK OF
PROSECUTION WITHOUT PREJUDICE, PURSUANT TO RULE 1:13-7 OR RULE 4:43-2 UNLESS ACTION
REQUIRED UNDER THE ABOVE RULES IS TAKEN.


   HON JAMES P. SAVIO                              ATT: ADAM M. EPSTEIN
                                                   MAZIE SLATER KATZ &
_____
FREEMAN
           JUDGE

                                                   103 EISENHOWER PKY
                                                   ROSELAND          NJ 07068

# Exhibit 9

RACHAEL A. HONIG
Acting United States Attorney
JOHN F. BASIAK JR.
Assistant U.S. Attorney
402 East State Street, Room 430
Trenton, NJ 08608
(609) 858-0309
john.basiak@usdoj.gov
*Attorneys for United States*

| | |
|---|---|
| LATIFAH DAVIS, Individually and as Administratrix of the Estate of LEGEND JONES, | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
| *Plaintiff,* | Civil Action No. |
| v. | |
| BLAIR A. BERGEN, M.D.; NICOLE M. SIEMS, D.O.; SOUTHERN JERSEY FAMILY MEDICAL CENTERS; ATLANTICARE PHYSICIANS GROUP OBSTETRICS & GYNECOLOGY; ATLANTICARE REGIONAL MEDICAL CENTER; JOHN DOES 1-10; ABC ENTITIES 1-10, | **CERTIFICATION OF SCOPE OF FEDERAL EMPLOYMENT** |
| *Defendants.* | |

I, J. ANDREW RUYMANN, declare as follows:

1.     I am the Chief of the Civil Division, United States Attorney's Office for

the District of New Jersey.

2.     Under 42 U.S.C. § 233(c) and 28 C.F.R. § 15.4, I am vested with the

authority to certify whether a federal employee or "covered person" named as a

defendant in a civil action was acting within the scope of his or her employment or

office at the time of the incident out of which the claim arose.

3.     I have read the amended complaint filed by Plaintiffs on March 12,

2021 in the Superior Court of New Jersey, Atlantic County, Law Division, Civil

Part, ATL-L-4213-20, against Blair A. Bergen, M.D., Nicole M. Siems, D.O., and

Southern Jersey Family Medical Centers (collectively, the "FQHC Defendants").

4.    On or about May 26, 2021, the Department of Health and Human

Services ("HHS") "deemed" the FQHC Defendants to be employees of the U.S.

Public Health Service under the Federally Supported Health Centers Assistance

Act, 42 U.S.C. § 233 (g)-(n).

5.    On the basis of the allegations contained in the amended complaint

and the information now available to me, I find that the FQHC Defendants were

acting within the scope of their employment or office as deemed employees of the

United States at the time of the conduct alleged in the amended complaint.

RACHAEL A. HONIG
Acting United States Attorney

s/ J. Andrew Ruymann

By:    _____
J. ANDREW RUYMANN
Chief, Civil Division
Assistant U.S. Attorney

Dated:  July 1, 2021

# Exhibit 10



**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Civil Division*

---

RACHAEL A. HONIG
ACTING UNITED STATES ATTORNEY

*John F. Basiak Jr.*
*Assistant United States Attorney*

*402 East State Street, Room 430*    main: (609) 989-2190
*Trenton, NJ 08608*                  direct:(609) 858-0309
*john.basiak@usdoj.gov*              fax:   (609) 989-2275

July 1, 2021

**<u>Via eCourts</u>**
Clerk, Superior Court of New Jersey
Atlantic County
Law Division, Civil Part
1201 Bacharach Blvd.
Atlantic City, NJ 08401

> Re:   ***Davis, et al. v. Bergen et al.***, **Docket Number: ATL-L-4213-20**
> **Notice of Removal**

Dear Sir or Madam:

Enclosed is a notice of removal and a civil cover sheet filed with the United States District Court for the District of New Jersey for the above-referenced matter. Under the rules governing eCourts filings, a courtesy copy of this submission will also be provided to the Honorable James P. Savio, J.S.C., who previously presided over this matter.

Pursuant to 28 U.S.C. § 1446(d), effective upon the filing of the notice of removal in the Superior Court, this matter is removed to the federal district court. The statute directs that the state court "shall proceed no further" with this matter unless the case is remanded. Thank you for your assistance with this matter.

Respectfully submitted,

RACHAEL A. HONIG
Acting United States Attorney

By:    /s/ John F. Basiak Jr.
JOHN F. BASIAK JR.
Assistant U.S. Attorney
*Attorneys for United States*

Encls.
cc:    Adam M. Epstein (counsel for Plaintiffs)
       Eric M. Wood (counsel for the AtlantiCare Defendants)